**UNITED STATES of America,**
**Appellee,**

v.

**Francisco PONCE–CRUZ,**
**Defendant–Appellant.**

**No. 07–2723–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 19, 2008.

Paul D. Silver, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney, Edward P. Grogan, Assis-

tant United States Attorney, on the brief), Northern District of New York, for Appellee.

Tina Schneider, Portland, ME, for Defendant–Appellant.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges, JED S. RAKOFF,* District Judge.

## SUMMARY ORDER

Appellant, Francisco Ponce–Cruz, asks this Court to vacate his conviction and sentence. On January 3, 2007, Ponce–Cruz entered a plea of guilty to a single count of an indictment charging him with violating provisions of 8 U.S.C. §§ 1326(a) and (b)(2) by entering the United States after having been deported following a conviction for an aggravated felony. On May 30, 2007, the district court sentenced Ponce–Cruz principally to a seventy-month term of imprisonment. On June 20, 2007, Ponce–Cruz filed a timely notice of appeal. The parties' familiarity with the underlying facts, the procedural history, and the issues presented for review is presumed.

█ Ponce–Cruz mounts two challenges to the validity of his guilty plea. First, he argues that the district court, in accepting his guilty plea, failed to establish a factual basis for the prior aggravated-felony conviction that enhanced the maximum sentence pursuant to 8 U.S.C. § 1326(b)(2). Rule 11(b)(3) of the Federal Rules of Criminal Procedure, which requires the district court to "determine that there is a factual basis for the plea," applies to each element of the offense to which the defendant pleads guilty. See, e.g., United States v. Adams, 448 F.3d 492, 500–02 (2d Cir. 2006); United States v. Gonzalez, 420 F.3d 111, 133 (2d Cir.2005). Ponce–Cruz's "fac-

tual basis" claim fails because section 1326(b)(2)'s recidivism enhancement for aggravated felons is a sentencing factor and not an element of the offense. Almendarez–Torres v. United States, 523 U.S. 224, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Ponce–Cruz concedes that Almendarez–Torres is controlling but argues that "the recent sea change in sentencing law calls into question its continuing validity." We are in no position to overrule the Supreme Court which itself has repeatedly declined to disavow Almendarez–Torres. See, e.g., James v. United States, 550 U.S. 192, 127 S.Ct. 1586, 1600 n. 8, 167 L.Ed.2d 532 (2007); United States v. Snype, 441 F.3d 119, 148 (2d Cir.2006).

█ Second, Ponce–Cruz argues that the district court, in accepting his guilty plea, erred in determining that he understood his rights before waiving them. Rule 11 violations are reviewed for plain error where, as here, Ponce–Cruz did not object below. United States v. Vonn, 535 U.S. 55, 62–63, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). To establish plain error, a defendant must show that the district court committed error, that was plain, that prejudicially affected his substantial rights, and, further, that seriously affected the fairness, integrity or public reputation of the judicial proceedings. Id. at 63, 122 S.Ct. 1043. We find no merit to Ponce–Cruz's claims because a review of the record makes clear that the district court did a proper review of his rights under Rule 11. Further, even if he can show error, he cannot show that such error prejudicially affected his substantial rights. In order to do so, he would have to "show 'a reasonable probability that, but for the error, he would not have entered the plea.'" United States v. Torrellas, 455 F.3d 96, 103 (2d Cir.2006) (quoting United States v. Dom-

---

* The Honorable Jed S. Rakoff, District Judge of the United States District Court for the South-

ern District of New York, sitting by designation.

*inguez Benitez,* 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)). Ponce–Cruz does not make this claim, and accordingly cannot establish plain error.

Next, Ponce–Cruz raises three challenges to his sentence. First, he argues that his sentence violates the Sixth Amendment because it is based on his prior conviction, facts which were neither admitted by him nor proved to a jury beyond a reasonable doubt. Such a claim is foreclosed by *Almendarez–Torres* for the reasons discussed above.

■ Second, Ponce–Cruz argues that the district court abused its discretion in not considering a below-Guidelines sentence to avoid an unwarranted sentencing disparity caused by the lack of a "fast track" program for illegal reentry convictions in the Northern District of New York. *See* 18 U.S.C. § 3553(a)(6). We have previously held that sentencing disparities created by the fact that some, but not all, districts use fast-track programs does not render the sentences in non-fast-track districts unreasonable. *See United States v. Mejia,* 461 F.3d 158, 164 (2d Cir.2006). We have also made clear that a district court's decision not to exercise its discretion to depart on the grounds of a disparity created by the absence of a fast-track program is not an abuse of discretion. *See United States v. Hendry,* 522 F.3d 239, 241–42 (2d Cir.2008). The record does not indicate that the district court misunderstood its discretion. It is true, as Ponce–Cruz notes, that the district court did not mention this argument at his sentencing. However, "[t]he presumption that a district court understands its authority to depart may be overcome only in the rare situation where the record provides a reviewing court with *clear evidence* of a substantial risk that the judge misapprehended the scope of his departure authority." *United States v. Sero,* 520 F.3d

187, 192 (2d Cir.2008) (per curiam) (quotation marks omitted). No such "clear evidence" is apparent here. The district court repeatedly affirmed that it had received and read Ponce–Cruz's sentencing memorandum, which raised the issue. And, while the district court did not discuss this matter, Ponce–Cruz also failed to raise it at the sentencing hearing. Accordingly we find that the district court did not abuse its discretion.

■ Ponce–Cruz's final challenge to his sentence is that it is unreasonable under the so-called "parsimony clause" of 18 U.S.C. § 3553(a) because it is greater than necessary to achieve the sentencing goals set forth in that statute. According to Ponce–Cruz, the sixteen-level recidivist enhancement under the United States Sentencing Guidelines is due less deference than other provisions of the Guidelines because it has no empirical basis. *See Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 574–75, 169 L.Ed.2d 481 (2007). In reviewing a sentence for unreasonableness, however, our ability to grant relief is constrained not by the Guidelines but by our obligation to defer to the sound discretion of the district court, which considered all the section 3553(a) factors and imposed a Guidelines sentence. A "deferential abuse-of-discretion standard of review ... applies to all sentencing decisions ... [r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597–98, 169 L.Ed.2d 445 (2007). Although we do not treat within-Guidelines sentences as "presumptively" reasonable, *United States v. Fernandez,* 443 F.3d 19, 28 (2d Cir.2006), we do "recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *id.* at

27. This is such a case. The sentence imposed was not unreasonable.

We, therefore, AFFIRM the judgment of the district court.