**UNITED STATES, Appellee,**

v.

**Edwin FIGUEROA, Defendant–Appellant.**

**No. 06–1595–cr.**

United States Court of Appeals, Second Circuit.

Nov. 18, 2008.

Jon P. Getz, Muldoon & Getz, Rochester, NY, for Appellant.

Joseph J. Karaszewski, Assistant United States Attorney (Terrance P. Flynn, United States Attorney for the Western District of New York), Buffalo, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant Edwin Figueroa appeals from a judgment of conviction, following a jury trial, for unlawfully possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e) and 26 U.S.C. §§ 5822, 5845(a)(3) & (4), 5861(c) & (d), and 5871. We assume the familiarity of the parties and their counsel with the underlying facts and procedural history of this case, the issues raised on this appeal, and the published opinion in this case filed today.*

### I.

■ Figueroa claims that three self-incriminating statements he made to law enforcement officers should have been suppressed pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

> [T]he *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term "interrogation" under *Mi-*

---

* In this summary order, we address Figueroa's claims that the district court erred in denying his motion to suppress and abused its discretion in failing to order a mental-competency hearing. In an accompanying opinion, we address Figueroa's claim that the restrictions the district court placed on his cross-examination of a government witness violated the Confrontation Clause of the Sixth Amendment.

*randa* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.

*Rhode Island v. Innis*, 446 U.S. 291, 300–01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)(footnote omitted).

Having reviewed the record evidence in the light most favorable to the government, as we must, *see United States v. Rodriguez*, 356 F.3d 254, 257–58 (2d Cir. 2004), and having determined that the district court's factual findings are not clearly erroneous, we conclude that none of the three statements at issue on appeal was made in response to express questioning or its functional equivalent. All three statements were made while the officers were going about their routine tasks in conducting a search, securing a crime scene, and making an arrest. The district court did not find, nor does the record suggest, that the officers made any statements or took any actions that they should have known were reasonably likely to elicit an incriminating response. The district court therefore did not err in denying Figueroa's motion to suppress the three statements at issue in this appeal.

## II.

■ Figueroa also claims that the district court should have ordered a mental-competency hearing when, in the middle of trial, he told the court that he felt "confused" and that he had missed some of his medications. In federal criminal proceedings, mental-competency determinations are governed by 18 U.S.C. § 4241(a), which requires the district court, upon motion or *sua sponte*, to order a mental-competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," *id.*

When Figueroa told the court that he felt "confused" and that he had missed some of his medications, the court properly inquired into Figueroa's mental state and the medications he had missed. In the extended discussion that followed, Figueroa explained that he was "stressed out" and "anxious," but he acknowledged that he understood what was happening in his trial and was able to communicate effectively with his attorney. In light of this colloquy, we conclude that the district court did not abuse its discretion in not finding reasonable cause to order a mental-competency hearing. *See United States v. Quintieri*, 306 F.3d 1217, 1233–34 (2d Cir.2002), *cert. denied*, 539 U.S. 902, 123 S.Ct. 2246, 156 L.Ed.2d 110 (2003).

Figueroa argues that even if a full competency hearing was not required, the district court should have postponed the trial for several days so that Figueroa's medication regimen could be stabilized. Figueroa did not request a continuance, and we conclude that the district court did not abuse its discretion in not continuing trial *sua sponte*. *See Bernstein v. Travia*, 495 F.2d 1180, 1182 (2d Cir.1974).

■ According to Figueroa, the district court's failure to order a competency hearing or postpone trial deprived him of his right to plead guilty. We disagree. "There is ... no absolute right to have a guilty plea accepted. A court may reject a plea in exercise of sound judicial discretion." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (citations omitted); *see also North Carolina v. Alford*, 400 U.S. 25, 38 n. 11,

91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *United States v. Severino,* 800 F.2d 42, 45 (2d Cir.1986), *cert. denied,* 479 U.S. 1056, 107 S.Ct. 932, 93 L.Ed.2d 983 (1987). Initially, the district court rejected Figueroa's mid-trial guilty plea because the court could not determine that the plea was voluntary and that there was a factual basis for it. *See* Fed.R.Crim.P. 11(b)(2)–(3); *United States v. Adams,* 448 F.3d 492, 501–02 (2d Cir.2006); *United States v. Navedo,* 516 F.2d 293, 298 (2d Cir.1975). When Figueroa abruptly reversed course and attempted to admit to elements of the offense he had moments before denied, the district court did not abuse its discretion in rejecting Figueroa's plea and ordering that the trial proceed.

For the foregoing reasons, and for the additional reasons stated in our accompanying opinion, the judgment of the district court is hereby AFFIRMED.