SUMMARY ORDER
Defendant-appellant Stephen Robinson appeals from a December 13, 2006 judgment of conviction for (1) conspiracy to possess and distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and (2) the use of a firearm in furtherance of that conspiracy in violation of 18 U.S.C. § 924(c). The District Court sentenced him principally to a term of imprisonment of 188 months. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Robinson urges the vacatur of his conviction on the grounds that (1) there was insufficient evidence of a conspiracy, (2) the District Court did not provide a “buyer/seller” or a “multiple conspiracies” instruction to the jury, and (3) the jury did not make a finding that Robinson could have reasonably foreseen that the conspiracy involved 100 kilograms or more of marijuana. Robinson also challenges the decisions of the District Court to deny his motions pursuant to Rule 29 for a judgment of acquittal and Rule 33 for a new trial. All of these challenges are devoid of merit.
At trial, the government introduced evidence showing that Robinson participated as a distributor, packager, supervisor and enforcer in a marijuana conspiracy involving at least 100 kilograms of marijuana that was run by members of his family. Robinson argues that the government’s evidence was contradicted by trial testimony *88 indicating that he and his family members acted independently of each other, and that his co-conspirators refused to work with him at times. Appellant’s Br. 18. While the tensions between Robinson and other members of the conspiracy might have led the jury to conclude that Robinson was not, in fact, a member of the conspiracy, such a conclusion was not compelled by the evidence. Indeed, a rational jury could have also concluded that these tensions and conflicts, assuming they existed, did not contradict the government’s evidence of a conspiracy involving Robinson and his family members. Because we must “defer to the jury’s assessment of witness credibility and the jury’s resolution of conflicting testimony when reviewing the sufficiency of the evidence,” United States v. Triumph Capital Group, Inc., 544 F.3d 149, 159 (2d Cir.2008) (internal quotation marks omitted), we reject Robinson’s argument that insufficient evidence supported his conspiracy conviction. Having determined that Robinson’s conviction was adequately supported by the government’s evidence, we reject Robinson’s challenge to the District Court’s denial of his Rule 29 motion for a judgment of acquittal of the conspiracy charge.
Turning to Robinson’s challenge to the jury instructions, we observe that “[a] conviction will not be reversed on this basis unless the requested instruction was legally correct, represented a theory of defense with a basis in the record that would lead to acquittal, and the charge actually given was prejudicial.” United States v. Desinor, 525 F.3d 193, 198 (2d Cir.2008) (internal quotation marks, brackets, and citations omitted). The District Court properly denied Robinson’s request for a “buyer/seller” instruction because the theory that Robinson was a mere buyer of marijuana, and not a member of the conspiracy, lacks a basis in the record. See United States v. Hawkins, 547 F.3d 66, 73 (2d Cir.2008). Robinson also challenges the District Court’s denial of a “multiple conspiracy” instruction, but “[a] refusal to give a multiple conspiracy charge does not prejudice [a] defendant where there was ample proof before the jury for it to find beyond a reasonable doubt that [the] defendant was a member of the conspiracy charged in the indictment,” United States v. Vazquez, 113 F.3d 383, 386 (2d Cir.1997). Such was the case here. Accordingly, we reject Robinson’s challenges to the jury instructions.
Robinson also contends that his conviction cannot stand in light of the jury’s failure to make a finding that Robinson could have reasonably foreseen that the conspiracy involved 100 kilograms or more of marijuana. Because Robinson did not raise this challenge in the District Court, we review it for plain error. “To demonstrate plain error, a defendant must show (1) error, (2) that is plain at the time of appellate review, and (3) that affects substantial rights. Where these conditions are met, we have the discretion to notice a forfeited error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings.” United States v. Regalado, 518 F.3d 143, 147 (2d Cir.2008) (internal quotation marks omitted).
The first three prongs of plain-error review are easily met here. We have held that “where an indictment alleges a conspiracy involving the weight-related provisions of 21 U.S.C. § 841, the Government’s burden of proof includes the requirement that a co-conspirator defendant at least could have reasonably foreseen the type and quantity of the substance about which he conspired.” United States v. Thompson, 528 F.3d 110, 119 (2d Cir.2008) (internal quotation marks and brackets omitted); see also United States v. Adams, 448 F.3d 492, 500 (2d Cir.2006) (describing “the re *89 quirement that a co-conspirator defendant at least could have reasonably foreseen the type and quantity of the substance about which she conspired” as an “element[ ]” of the offense). That Robinson was convicted of an offense in the absence of a jury finding on one of the elements of that offense constitutes an error that is plain and affects substantial rights.
Turning to the question of whether this error seriously affects the fairness, integrity, or public reputation of judicial proceedings, we recognize that a “reviewing court must consider the weight of trial evidence bearing on the omitted element; and if such evidence is ‘overwhelming’ and ‘essentially uncontroverted, ’ there is ‘no basis for concluding that the error seriously affects the fairness, integrity or public reputation of judicial proceedings.’ ” United States v. Guevara, 298 F.3d 124, 126-27 (2d Cir.2002) (emphasis added) (quoting United States v. Cotton, 535 U.S. 625, 632-33, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)); see also United States v. Henry, 325 F.3d 93, 102 (2d Cir.2003). The evidence showing that Robinson could have reasonably foreseen that the conspiracy of which he was convicted involved 100 kilograms or more of marijuana includes, as outlined above, his lengthy involvement in the conspiracy in several roles, including as a distributor, packager, supervisor, and enforcer for the conspiracy. In our view, Robinson’s extensive involvement in a conspiracy run by family members constitutes “overwhelming” evidence that he could have reasonably foreseen that the conspiracy involved at least 100 kilograms of marijuana. In addition, the record indicates that, as counsel conceded at oral argument, this matter was “essentially uncon-troverted” at trial. We therefore decline to notice the forfeited error.
Finally, we perceive no error, much less an abuse of discretion, in the decision of the District Court to deny Robinson s Rule 33 motion for a new trial. None of Robinson’s arguments show “that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice,” United States v. Cote, 544 F.3d 88, 101 (2d Cir.2008), and we therefore agree fully with the District Court’s denial of Robinson’s motion for a new trial.
We have considered all of appellant’s arguments on appeal, and we have concluded that they are devoid of merit. We therefore AFFIRM the judgment of the District Court.