SUMMARY ORDER
Plaintiff Roger R. Crane, Jr., appeals from the dismissal of an action seeking a declaratory judgment that his play, The Last Confession, does not infringe the United Kingdom (“U.K.”) copyright of defendant’s book, In God’s Name: An Investigation into the Murder of Pope John Paul I. Crane argues that the district court (1) failed to apply established legal principles in declining to exercise jurisdiction, and (2) accorded unwarranted weight to the potential for friction between sovereign legal systems. We assume the parties’ familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.
1. Standard of Review
The Declaratory Judgment Act states that a court “may declare the rights and other legal relations of any interested party seeking such declaration.” 28 U.S.C. § 2201(a) (emphasis added). This permissive language grants broad discretion to district courts “to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear.” Dow Jones & Co. v. Harrods Ltd., 346 F.3d 357, 359 (2d Cir.2003); see also Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (observing that Declaratory Judgment Act “confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants”). We review a district court’s decision not to exercise declaratory judgment jurisdiction deferentially, and we will reverse only for abuse of discretion. See Wilton v. Seven Falls Co., 515 U.S. at 289, 115 S.Ct. 2137; Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384, 388 (2d Cir.2005). “A district court abuses its discretion if it bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact.” United States v. Adams, 448 F.3d 492, 498-99 (2d Cir.2006) (internal quotation marks omitted).
2. The District Court’s Application of Law
Crane argues that the district court declined jurisdiction based on a mistaken application of law — specifically, a failure to consider two relevant factors: whether declaratory judgment will (1) “serve a useful purpose in clarifying or settling the legal issues involved,” and (2) “finalize the controversy and offer relief from uncertainty.” Dow Jones & Co. v. Harrods Ltd,., 346 F.3d at 359 (citing Broadview Chem. Corp. v. Loctite Corp., 417 F.2d 998, 1001 (2d Cir.1969)). We are not persuaded.
The district court’s failure expressly to analyze the aforementioned factors does not necessarily reflect a failure to consider them. Even in circumstances where the factors relevant to a determination affecting a liberty interest are statutorily prescribed, see 18 U.S.C. § 3553(a), we have not demanded robotic incantations or detailed explanation to demonstrate a district *518 court’s compliance with applicable law. See United States v. Brown, 514 F.3d 256, 264 (2d Cir.2008). No different conclusion is warranted here, where the scope of district court discretion is broader. Indeed, after noting its “discretion to award a declaratory judgment when it deems that such relief is appropriate,” the district court cited to the very page of Dow Jones where the factors are listed, a strong indication of its awareness of the interests at stake. See Crane v. Poetic Prods. Ltd., 593 F.Supp.2d 585, 598 (S.D.N.Y.2009). On this record, we identify no mistake of law evidencing abuse of discretion.
3. Repose and Comity
Plaintiff submits that the district court abused its discretion in concluding that his request for a declaration of non-liability under foreign law presented a risk of “friction between sovereign legal systems.” See Dow Jones & Co., Inc. v. Harrods Ltd., 346 F.3d at 359. We disagree. “[T]he principal purpose of a declaratory judgment is to clarify and settle disputed legal relationships and to relieve uncertainty, insecurity and controversy.” Broadview Chem. Corp. v. Loctite Corp., 474 F.2d 1391, 1393 (2d Cir.1973). A declaration by a United States court of parties’ rights under domestic law offers such repose because every other court within the United States must give “full faith and credit” to such a judgment. See U.S. Const, art. 4, § 1; 28 U.S.C. § 1738. The same cannot be said of a declaration of rights under foreign law, however, as the courts of one sovereign are not strictly bound to honor judgments of the courts of another, see, e.g., Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 654-55 (2d Cir.2004) (“[A] foreign court might not give res judicata effect to a United States judgment, particularly since United States courts may choose to give res judicata effect to foreign judgments on the basis of comity, but are not obliged to do so.” (internal quotation marks omitted)); Restatement (Third) of Foreign Relations Law of the United States § 481 (1987) (observing that judgments declaring rights “are not generally entitled to enforcement, but may be entitled to recognition” (emphasis added)), and might be less inclined to do so on a question of their own law. Crane submits that the uncertain legal status of his play may harm his prospects for securing a movie deal or otherwise profiting from the work, but he has not shown that declaratory judgment from a United States court would remove these concerns.
In light of the district court’s uncertain ability to “finalize the controversy,” Dow Jones & Co. v. Harrods Ltd., 346 F.3d at 359, the court was within its discretion to cite international comity as a ground for declining to exercise declaratory judgment jurisdiction. See generally Société National Industrielle Aerospatiale v. United States Dist. Court for S. Dist. of Iowa, 482 U.S. 522, 544 n. 27, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987) (referring to comity as “spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states”).
We note finally that another relevant factor set out in Dow Jones is whether a “better or more effective remedy” is available. 346 F.3d at 360. The English courts afford litigants an opportunity to seek declaratory judgment, an action that would not only diminish the comity concerns at issue here but conclusively establish plaintiffs rights under U.K. law. See English Civil Procedure Rule 40.20 (“The court may make binding declarations whether or not any other remedy is *519 claimed.”).[1]
For the foregoing reasons, we conclude that the district court did not abuse its broad discretion in declining to exercise jurisdiction over this aspect of Crane’s case. Accordingly, the judgment of the district court is AFFIRMED.

. Crane acknowledges that his play opened in England and toured several English cities before a limited run in London.