13-3041-cr
*United States v. Monk*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of August, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*
>
> v.                                        No. 13-3041-cr

THELONIOUS MONK, AKA SHAKA,

> *Defendant-Appellant,*

ANGEL COLON ET AL.,

> *Defendants.*\*

---

**FOR THELONIOUS MONK:**          Benjamin Greenwald, The Law Office of
                                  Benjamin Greenwald, New Windsor, NY.

**FOR UNITED STATES OF AMERICA:**    Benjamin Allee, Assistant United States
                                     Attorney, *for* Preet Bharara, United States

---

\* The Clerk of Court is directed to amend the caption in this case to conform to the listing of the parties above.

Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of conviction, entered July 25, 2013, of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Thelonious Monk appeals from a judgment of conviction, following a five-day trial, for conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and for using a phone to facilitate a drug conspiracy, in violation of 21 U.S.C. § 843(b). Monk contends on appeal that the District Court made an erroneous evidentiary ruling, that the evidence was insufficient to support the jury's verdict, and that his sentence was excessive. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision.

## I. December 2009 Drug Dealing

Over Monk's objection, the District Court permitted the government to introduce at trial the following evidence as direct proof of the charged narcotics conspiracy. In December 2009, a police officer observed Monk outside a bar, around the corner from Monk's home. The officer then saw Monk walk away from the bar with a succession of people, one by one, and then return to the bar, each encounter lasting only a brief moment. When another officer approached Monk, believing him to be dealing drugs, Monk fled. The officer pursued Monk, eventually stopping him, but found no drugs on Monk's person or in the surrounding area.

Monk contends on appeal that this evidence was either irrelevant or inadmissible prior bad acts. All relevant evidence is admissible under the Federal Rules of Evidence unless specifically excluded. Fed. R. Evid. 402. Evidence is relevant when it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. We have held that "[d]istrict courts have broad discretion to assess the relevancy of evidence and we will not overturn that determination unless it is arbitrary or irrational." *United States v. Perez*, 387 F.3d 201, 209 (2d Cir. 2004).

Monk first argues that the December 2009 incident was irrelevant because the subsequent search produced no evidence of any criminal wrongdoing. Yet the evidence described above would undeniably permit, albeit not require, a reasonable juror to infer that Monk was engaged in the unlawful distribution of drug. The fact that drugs were not recovered from Monk's person after he fled is not an issue of relevance; it is merely a fact casting doubt on the government's theory of the case. Accordingly, Monk's argument "go[es] to weight rather than admissibility." *United States v. Diaz*, 878 F.2d 608, 615 (2d Cir. 1989).

Monk argues alternatively that, even if there were some evidence of drug trafficking, it rose only to the level of reasonable suspicion. He then asserts, as a general proposition, "[w]here the facts are insufficient to allow a police officer to draw an inference sufficient to support a finding of probable cause, they surely could not be admissible to help prove beyond a reasonable doubt that Monk was involved in a broad ranging conspiracy to distribute narcotics." Reply Br. 2. Yet the

threshold for relevance is low. "All that is necessary, and all that is possible, is that each bit [of evidence] may have enough rational connection with the issue to be considered a factor contributing to an answer." *United States v. Pugliese*, 153 F.2d 497, 500 (2d Cir. 1945) (L. Hand, *J.*). Monk's inculpatory behavior satisfies this requirement, even if it does not support a finding of probable cause.

Monk's final contention is that, assuming a jury could infer that he was dealing drugs in December 2009, the evidence was nonetheless irrelevant because there was no proof that the drug dealing *that night* was part of the charged conspiracy. He reasons, therefore, that the evidence was an inadmissible prior bad act pursuant to Rule 404(b) of the Federal Rules of Evidence. We disagree. The evidence revealed that the conspiracy existed in December 2009 in substantially the same form as it existed two months later, when Monk was caught on tape making drug deals with co-conspirators. The contents of those calls reflected a history of prior dealings between Monk and his co-conspirators, and the location of the December 2009 drug dealing was in close proximity to where Monk received drugs from a co-conspirator in February 2010. Accordingly, a reasonable juror could infer that Monk's drug dealing in December 2009 was part of the charged conspiracy rather than distinct, coincidental drug dealing. Once more, any arguments to the contrary concern weight, not admissibility.

## II. Sufficiency of the Evidence

Monk argues next that the jury's guilty verdict on the drug conspiracy count was not based on sufficient evidence. "We review *de novo* a challenge to the sufficiency of the evidence." *United States v. Yannotti*, 541 F.3d 112, 120 (2d Cir. 2008). "A defendant challenging his conviction on sufficiency grounds faces a 'heavy burden.'" *United States v. Bala*, 236 F.3d 87, 93 (2d Cir. 2000) (quoting *United States v. Matthews*, 20 F.3d 538, 548 (2d Cir. 1994)). This is because the court must "review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004). We reverse "only if no rational factfinder could have found the crimes charged proved beyond a reasonable doubt." *Id.* at 459–60.

Monk's first contention is that the evidence showed only that he was engaged in a mere buyer-seller relationship, which our case law has held insufficient to establish a conspiracy. *See United States v. Gore*, 154 F.3d 34, 40 (2d Cir. 1998) (observing that "[w]ithout more, the mere buyer-seller relationship . . . is insufficient to establish a conspiracy"). Yet the evidence at trial established (1) that Monk obtained distribution-amounts of crack on a frequent basis from a co-conspirator, (2) that Monk discussed drug transactions over the phone with a co-conspirator using coded language indicative of a narcotics conspiracy, (3) that Monk requested that the co-conspirator set aside an amount of crack for him, and (4) that Middletown police officers observed Monk dealing around the corner from his home, where (5) officers found a scale covered in cocaine residue. These items of evidence, among others, were sufficient to establish participation in a narcotics conspiracy.

Monk also contends that the evidence of the charged drug quantity—280 grams or more of crack—was insufficient. In order to establish weight in the conspiracy charge, the government was required to show that Monk was either directly involved in the distribution of the drugs or at least could have reasonably foreseen the type and quantity of the substance about which he conspired. *See United States v. Adams*, 448 F.3d 492, 500 (2d Cir. 2006); *United States v. Jackson*, 335 F.3d 170, 180–81 (2d Cir. 2003).

3

The intercepted calls alone established that Monk directly participated in transactions involving 85 grams during a three-day span and 135 grams of crack during a mere twelve-day span. Further evidence, such as testimony about Monk's crack dealing in the summer of 2009 and the December 2009 incident described above, showed that Monk's participation in the conspiracy was not limited to those short spans. In addition to evidence of direct participation in drug transactions, the evidence also showed that Monk knew that his supplier had a regular and significant supply of drugs, and that his supplier was working with other drug distributors. Accordingly, the jury's verdict regarding drug quantity was supported by sufficient evidence.

### III. Reasonableness of the Sentence

Monk's final argument on appeal is that his concurrent sentences of 96 months' imprisonment on counts two through four were unreasonable because the District Court offered no explanation relating to those counts. Section 5G1.2 of the United States Sentencing Guidelines sets forth the procedure for district courts to follow in imposing sentences on multiple counts. Under subsection (b), a district court should determine the total punishment—*i.e.*, the combined length of the sentences—and then impose that total punishment on each count of conviction, up to the statutory maximum on each count. U.S.S.G. § 5G1.2(b) & cmt. nn.1 & 3(A). The District Court in this case did just that. Having determined the total punishment of twenty years and imposed that sentence on Count One, the Court simply followed through on implementation of the sentence by imposing the statutory maximum of eight years on each of the remaining counts.

### CONCLUSION

We have considered all of the arguments raised by Monk on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's July 25, 2013 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4