**UNITED STATES of America,**
**Appellee,**

**v.**

**Kenneth Hart ADAMS, Defendant–**
**Appellant,**

**Howard Willis, Defendant.**

**Docket No. 04–5391–CR.**

United States Court of Appeals,
Second Circuit.

Argued: Sept. 9, 2005.

Decided: May 10, 2006.

Steven D'Alessandro, Assistant United States Attorney, United States Attorney's Office, Eastern District of New York, Brooklyn, N.Y. (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York; Peter A. Norling, Emily Berger, Assistant United States Attorneys, of counsel, on the brief), for Appellee.

Norman Trabulus, Law Office of Norman Trabulus, Esq., Garden City, NY, for Defendant–Appellant.

Before: CARDAMONE, McLAUGHLIN, and POOLER, Circuit Judges.

POOLER, Circuit Judge.

Defendant-appellant Kenneth Hart Adams appeals from an imposition of judgment entered on September 22, 2004, by the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., J.) that, inter alia, sentences him to a prison term of one-hundred-twenty months. More specifically, Adams challenges the district court's May 3, 2004, order denying his request to withdraw his guilty plea to a charge of conspiracy to distribute and to possess, with intent to distribute, a controlled substance in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and its denial of his motion to dismiss the indictment for violation of the Speedy Trial Act, 18 U.S.C. §§ 3161–74.

We agree with Adams that the district court erred by accepting Adams's plea because the taking of the plea did not comport with Fed.R.Crim.P. 11. We disagree with Adams, however, that the district court should have dismissed the indictment for violations of the Speedy Trial Act because we find no such violations occurred.

On appeal, Adams maintains that the court should not have accepted his plea because Fed.R.Crim.P. 11(b)(3) requires that a sufficient factual basis supports a plea, and neither the plea allocution, which included admissions to a marijuana conspiracy only, nor the record developed at the time of the plea proceeding supported a guilty plea for a conspiracy to distribute five kilograms of cocaine. Adams argues that the district court erred by failing to recognize his confusion regarding the charges against him. Indeed, throughout the plea proceeding, Adams consistently admitted to knowing only that he was involved in a marijuana conspiracy. According to Adams, his allocution expressly undermined the conclusion that he possessed the requisite intent for a conviction based on a conspiracy to distribute five kilograms of cocaine. See United States v. Jackson, 335 F.3d 170, 181 (2d Cir.2003) (noting that defendant is liable for the amount of cocaine her co-conspirator conspired to import provided that defendant knew of the quantity and substance involved, or it was at least reasonably foreseeable to her). Despite this, the district court accepted Adams's plea based on the faulty allocution and refused to permit him to withdraw it later.

Adams contends that this was error because his allocution should have signaled that he did not understand the nature of the charge to which he was pleading, and thus his allocution could not support his plea. Adams argues that under these circumstances, the district court should have either refused to accept the plea, or clarified the applicable law and then deter-

mined whether Adams maintained his guilt. Instead, the district court simply questioned whether Adams knew that he was conspiring to distribute an illegal drug and whether he understood that he *had agreed* to be sentenced for distributing more than five kilograms of cocaine.

We agree that the district court erred in accepting Adams's plea. Neither the allocution nor the record developed at the time of the plea proceeding provides a sufficient factual basis to support a conviction and sentencing for an aggravated offense under 21 U.S.C. § 841(b)(1)(A). The plea was therefore faulty, and we remand to the district court with instructions to vacate the sentence and conviction.

We affirm, however, the district court's denial of Adams's speedy-trial claim. In rejecting Adams's motion, the district court found that there was time left on the speedy-trial clock before 18 U.S.C. § 3162(a)(2) mandated dismissal. We agree and uphold the court's decision in this respect.

We therefore affirm, in part, and vacate, in part, the decision of the district court.

## BACKGROUND

On October 22 1999, Drug Enforcement Administration ("DEA") agents in New York discovered a refrigerator tractor-trailer loaded with limes concealing 659 kilograms of cocaine. They identified Howard Willis as the individual who drove the truck to New York from Texas. Willis told agents that he was approached by Adams and propositioned to haul "dope" to New York, and several months later, he agreed. According to DEA agents, Adams recruited Willis to transport the cocaine. For his alleged involvement, Adams was arrested on February 23, 2001.

On March 9, 2001, Adams was indicted on two counts. Count One charged that between March 1, 1999, and October 22, 1999, Adams "knowingly and intentionally" conspired to distribute and to possess with intent to distribute a substance containing cocaine, in an amount of five kilograms or more, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II) and 21 U.S.C. § 846. Count Two was a substantive count of distribution and possession with intent to distribute, spanning a different time frame. Count Two is not at issue on this appeal.

On July 10, 2002, Adams pleaded guilty to Count One. During the plea proceedings, the district court judge engaged in the standard questioning designed to determine whether Adams understood both the substance of his plea and the consequences of pleading. The judge questioned whether Adams realized that he had agreed not to file an appeal or otherwise challenge his conviction or sentence, assuming that he was sentenced to a term of imprisonment not exceeding two-hundred sixty-two months. Adams indicated that he understood.

Additionally, as part of this questioning, and presumably to ascertain Adams's understanding of the charges against him, the judge asked Adams to state, in his own words, what he did wrong. Adams explained that he met with Willis in September and arranged for Willis to transport eighty-five to ninety pounds of marijuana. According to Adams, he and Willis conspired to transport marijuana, and it was not until Adams was arrested that he learned that his source had actually supplied Willis with cocaine.

Despite Adams's account of an apparent marijuana conspiracy, he pleaded guilty to a cocaine conspiracy. The government flagged this issue, alerting the judge that as part of the plea agreement, Adams stipulated that he would receive sentencing based on a type and quantity of narcotics

of at least five kilograms of cocaine. Upon learning this, the judge turned to Adams and queried whether he realized that he had agreed to sentencing for a cocaine conspiracy. Adams claimed that he understood. The judge then asked: "Although you didn't know that the load was coke at the time, you did know that it was a drug and it was illegal?" Adams answered in the affirmative. Upon completing questioning, the district court deemed the guilty plea knowing, voluntary, and sufficiently supported by a factual basis for each of the essential elements of the offense. The court then adjudged Adams guilty of the offense and set a sentencing date.

Prior to sentencing, Adams filed a motion in the district court to withdraw his guilty plea pursuant to former Fed. R.Crim.P. 32(e).[1] In this motion, Adams contended that he pleaded guilty largely because he expected the government to award him a cooperation agreement for imparting truthful information and potential physical evidence, but no such agreement was ultimately offered. Adams complained to the district court, explaining that "the government [had not] stood up to their part of the deal." Because Adams's complaint suggested that his original attorney, Donald DuBoulay, might be a witness concerning the plea negotiations, the court appointed Norman Trabulus to speak with Adams about the potential conflict of interest. Ultimately, the district court rejected Adams's plea-withdrawal request based on the government's alleged failure to offer Adams a cooperation agreement, and Adams does not appeal this decision.

However, with Trabulus's assistance, Adams offered an additional basis for withdrawing his plea. In this supplemental motion, he claimed that his plea was not knowingly given because DuBoulay provided him with incorrect and misleading legal advice. According to Adams, DuBoulay told him that a defendant convicted of a 21 U.S.C. § 846 conspiracy for distributing defined quantities of defined narcotics becomes subject to the mandatory minimums and enhanced statutory maximums of 21 U.S.C. § 841(b)(1)(A) irrespective of defendant's knowledge regarding the quantity or type of the drug actually transported. Instead, Adams argues that DuBoulay should have advised him that co-conspirator liability attaches only if the defendant knew or could have reasonably foreseen the type and quantity of the substance that the co-conspirator transported. *See Jackson,* 335 F.3d at 181. Rather than instructing Adams that the government must prove either knowledge or reasonable foreseeability, however, DuBoulay informed Adams that "someone who conspires to distribute narcotics is responsible for whatever drug type and drug quantity a co-conspirator distributes." As explained by DuBoulay, "if you agree to traffic in narcotics, you are stuck with whatever it turns out to be."

In his motion to withdraw the plea, Adams argued that his decision to plead guilty was based on this misleading advice, which suggested that he could be found guilty and sentenced based on the more than five kilograms of cocaine ultimately seized, irrespective of knowledge or reasonable foreseeability. Adams claimed that this advice led him reasonably to presume that the government would not need to prove to a jury, beyond a reasonable doubt, knowledge or reasonable foreseeability, and this caused him unknowingly to waive his right to a jury trial. Specifically, had DuBoulay properly explained that, absent a plea, the government must

---

1. Fed.R.Crim.P. 32 formerly governed guilty plea withdrawal, but Fed.R.Crim.P. 11(d) currently controls this matter. *See United States v. Rosen,* 409 F.3d 535, 545 (2d Cir.2005).

prove either intent or reasonable foreseeability, Adams would have declined to plead guilty.

In an attempt to resolve this issue, the district court held a conference to determine whether to permit Adams to withdraw his plea. The discussion at this conference centered on the allegedly misleading legal advice and whether Adams could have reasonably foreseen that the conspiracy involved five kilograms of cocaine. However, Trabulus disagreed that reasonable foreseeability was the dispositive issue. According to Trabulus, the plea allocution was insufficient to support the plea that Adams gave, and no subsequent proceeding to determine whether the government could have proven reasonable foreseeability at trial could remedy that insufficiency.

Despite these arguments, the court decided it would indeed hold a hearing to determine whether Adams could have reasonably foreseen that he was engaging in a cocaine conspiracy. After the hearing, the district court determined that the government had proven reasonable foreseeability by a preponderance of the evidence, and it thus found that DuBoulay's legal advice, even if incorrect, was objectively reasonable. The court also held that Adams's allocution was sufficient because he admitted to joining a narcotics conspiracy and stipulated to sentencing for an offense involving more than five kilograms of cocaine.

On appeal, Adams claims that the district court erred by accepting his plea because neither his plea allocution, which admitted participation in only a marijuana conspiracy, nor the factual record developed during the plea proceeding, support his guilty plea to the charged cocaine conspiracy. Adams also contends that the indictment should have been dismissed for speedy-trial violations. We agree that there was not a sufficient factual basis in the record for a guilty plea to a cocaine conspiracy. We do not, however, agree that any speedy-trial violations occurred.

## DISCUSSION

### I. Motion to Withdraw the Plea

■ We note at the outset that despite a provision in the plea agreement stating that Adams will "not ... file an appeal or otherwise challenge the conviction or sentence," we may properly review the plea proceedings. This is because "a defendant retains the right to contend that there were errors in the proceedings that led to the acceptance of his plea of guilty," and he may argue that the district court failed to satisfy the requirement that there is a factual basis for the plea. *United States v. Maher*, 108 F.3d 1513, 1528–29 (2d Cir. 1997); *see also United States v. Smith*, 160 F.3d 117, 120–21 (2d Cir.1998). Because we find that Adams's waiver stemmed from a flawed plea process, we may consider Adams's claim on appeal. We thus proceed to the merits of Adams's claim that the district court improperly accepted, and thus should have permitted him to withdraw, his plea.

■ As we have emphasized, "[a] guilty plea is no mere formality, but a 'grave and solemn act.'" *United States v. Arteca*, 411 F.3d 315, 319 (2d Cir.2005) (quoting *United States v.Hyde*, 520 U.S. 670, 677, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997)). This is because a guilty plea waives important rights, and therefore it "is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). A guilty

plea should be an "intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). This requires that the defendant is informed of all the crime's elements, otherwise the plea is necessarily invalid. *Bradshaw,* 125 S.Ct. at 2405. So long as "the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel," a judge need not necessarily explain the elements of each charge on the record. *Id.*

█ In all circumstances, however, the judge must follow the detailed procedures set forth in Fed.R.Crim.P. 11(b) for the taking and accepting of guilty pleas. *Id.* According to this Rule, before a judge accepts a guilty plea, she must address the defendant personally in open court, and she must inform the defendant of, and ensure that the defendant understands, a host of things, including "the nature of [the] charge to which [he] is pleading." Fed.R.Crim.P. 11(b)(1)(G). Rule 11 also requires that the court ensures that a sufficient factual basis exists on the record for the plea. Fed.R.Crim.P. 11(b)(3). We review for an abuse of discretion a district court's decision that a defendant's factual admissions support conviction on the charge to which he has pleaded guilty. *United States v. Gonzalez,* 420 F.3d 111, 120 (2d Cir.2005) (citing *Smith,* 160 F.3d at 122).

For example, we have found an abuse of discretion when a district court accepted a guilty plea for conviction and enhanced sentencing under Section 841(b)(1)(A) despite defendant's failure to admit the requisite quantity and despite his denial that it existed. *Gonzalez,* 420 F.3d at 115. In that instance, we held that defendant's plea at best supported conviction on a lesser, unquantified drug charge. *Id.* Similarly, in *United States v. Yu,* 285 F.3d 192 (2d Cir.2002), we found that "it was error for the district court to permit Yu to plead guilty to quantity-specific charges while refusing to allocute to quantity." [2] *Id.* at 197.

█ We also review a district court's decision to deny a motion to withdraw a guilty plea for abuse of discretion. *Arteca,* 411 F.3d at 320 (citing *United States v. Juncal,* 245 F.3d 166, 171 (2d Cir.2001)). According to Fed.R.Crim.P. 11(d), a defendant may withdraw her plea if, inter alia, she "can show a fair and just reason for requesting the withdrawal." Fed. R.Crim.P. 11(d)(2)(B). In determining whether this requirement is satisfied, the court considers whether there are valid grounds for withdrawal and whether granting the motion is fair and just, given any prejudice that the government might suffer as a result. *Arteca,* 411 F.3d at 319. Ultimately, defendant bears the burden of demonstrating valid grounds for withdrawal. *United States v. Gonzalez,* 970 F.2d 1095, 1100 (2d Cir.1992).

█ " 'A district court abuses its discretion if it bases its ruling on a mistaken application of the law or a clearly erro-

2. *Yu* was called into doubt by *United States v. Doe,* 297 F.3d 76, 89 n. 16 (2d Cir.2002), in which we explained that the Supreme Court's decision in *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) may have undermined *Yu. Harris* holds that imposition of a mandatory minimum sentence under 18 U.S.C. § 924(c) is not subject to *Apprendi* analysis. *Harris,* 536 U.S. at 557, 122 S.Ct. 2406. However, as we stated in *Gonzalez, Harris* does not pertain to facts that simultaneously increase mandatory minimums and maximums thereby creating an increased sentencing range. *Gonzalez,* 420 F.3d at 125–27. This is precisely the case with Adams's situation, and thus *Gonzalez* makes clear that we may rely on *Yu* in this instance.

neous finding of fact.' " *United States v. Couto,* 311 F.3d 179, 185 (2d Cir.2002) (quoting *Milanese v. Rust–Oleum Corp.,* 244 F.3d 104, 110 (2d Cir.2001)). A district court must grant a motion to withdraw a plea when "a defendant was not provided with the 'mix of information' required by Rule 11 unless, of course, the error can be deemed harmless because it would not have affected the defendant's decision to plead guilty." *United States v. Gonzalez,* 420 F.3d 111, 131 (2d Cir.2005) (quoting *United States v. Harrington,* 354 F.3d 178, 183–84 (2d Cir.2004)).

■ Adams appeals the district court's denial of his motion to withdraw his guilty plea because he claims that his plea for a cocaine conspiracy lacked a sufficient factual basis in the record. Specifically, Adams argues that the district court erroneously accepted his guilty plea for engaging in a cocaine conspiracy, under 21 U.S.C. § 841(b)(1)(A), given that he actually allocuted to a marijuana conspiracy. The former carries a mandatory minimum sentence of no less than ten years and a maximum of life imprisonment, 21 U.S.C. § 841(b)(1)(A)(ii)(II), while the latter carries no mandatory minimum and a maximum of no more than five years imprisonment, 21 U.S.C. § 841(b)(1)(D). Conviction of a Section 841(b)(1)(A) conspiracy also requires that a jury find, or the defendant himself admit to, the drug-quantity element. *Gonzalez,* 420 F.3d at 125. Additionally, we require proof that this drug type and quantity were at least reasonably foreseeable to the co-conspirator defendant. *United States v. Martinez,* 987 F.2d 920, 926 (2d Cir.1993). Adams contends that because he insisted that he knew of and agreed to only a marijuana conspiracy, there was not a sufficient factual basis in the record to support the plea at the time the district court accepted it. We agree.

As was the case in *Yu,* Adams's plea allocution fails to support his plea. During the plea colloquy, Adams admitted to participating in a marijuana conspiracy but not a cocaine conspiracy of a quantity required by § 841(b)(1)(A). The government recognized this deficiency and notified the court that Adams had agreed to sentencing under § 841(b)(1)(A) for conspiring to distribute at least five kilograms of cocaine. In response, the court simply asked Adams whether he understood that he had agreed to this sentencing, and Adams answered affirmatively. The district court failed to elicit an admission that Adams actually knew he was conspiring to distribute at least five kilograms of cocaine. Because Adams did not admit that he conspired to distribute five kilograms of cocaine, an element required for conviction and sentencing under Section 841(b)(1)(A), his allocution was factually insufficient to support his plea.

■ We need not rely solely on defendant's allocution, however, to support the plea, rather any facts on the record at the time of the plea proceeding may be used. *Irizarry v. United States,* 508 F.2d 960, 967 (2d Cir.1974). Such facts must already exist on the record *or be put on the record at the time of the giving of the plea* "after an inquiry of the defendant, the government, or other available sources of information." *United States v. Andrades,* 169 F.3d 131, 134 (2d Cir.1999) (citing *Maher,* 108 F.3d at 1524). These facts assist in assuring the court that the conduct to which defendant admits constitutes the offense for which he has been charged. *Maher,* 108 F.3d at 1524. The rule is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does

not actually fall within the charge."[3] *McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (quoting Fed.R.Crim.P. 11 Advisory Comm. Note (1966)).

The district court did not determine *at the time of the taking of the plea* whether it was at least reasonably foreseeable to Adams that he was involved in a conspiracy to distribute at least five kilograms of cocaine. The problem appears to have stemmed from the court's erroneous identification of the elements necessary for conviction and sentencing under Section 841(b)(1)(A). The judge stated that the only elements of this conspiracy are the existence of a narcotics conspiracy and the defendant's willingness to join it. However, we have held that a Section 846 conspiracy involving any of the enhancement-penalty provisions of Section 841(b)(1), includes the additional element of quantity.· *United States v. Thomas,* 274 F.3d 655, 663 (2d Cir.2001); *see also Gonzalez,* 420 F.3d at 125. It also includes the requirement that a co-conspirator defendant at least could have reasonably foreseen the type and quantity of the substance about which she conspired. *See Martinez,* 987 F.2d at 926. Thus, the court needed to find a sufficient factual basis for these elements also, yet it neglected to do so at the time that it accepted the plea.

█ The court attempted to correct this after the plea was accepted, but by then, it was too late. After the plea ·proceeding, the district court held an evidentiary hearing to determine whether a sufficient basis existed to support a finding of reasonable foreseeability. Our case law makes clear, however, that a sufficient factual basis must be determined at the time the plea is accepted, thus an after-the-fact hearing will not suffice. *See, e.g., Andrades,* 169 F.3d at 134, 136.[4]

The district court also attempted to find such a basis in the indictment and Adams's plea agreement, in which he agreed to plead guilty to Count One of the indictment. Count One charged, inter alia, that Adams violated Section 841(b)(1)(A) by knowingly and intentionally distributing more than five kilograms of cocaine. The court found that this stipulation satisfied the government's burden of establishing a sufficient factual basis for all of the elements of the offense. We disagree.

Neither the plea agreement, the indictment, nor a combination of the two provides a factual basis for the quantity element of the aggravated offense under Section 841. The plea agreement states only that Adams will plead guilty to Count One of the indictment, which charges a violation of 21 U.S.C. § 846 with mandatory minimum and maximum sentencing under Section 841. It makes no mention of drug quantity and type, which are required for conviction and sentencing under Sections 846 and 841.

█ The indictment, which is referenced in the plea agreement, provides the elements necessary for conviction under these statutes. It charges Adams with knowingly and intentionally conspiring to distribute at least five kilograms of cocaine. The plea agreement references the

---

**3.** Fed.R.Crim.P. 11 has undergone substantial revisions since *McCarthy* was decided, *see United States v. Stevens,* 19 F.3d 93, 95 (2d Cir.1994), however, the *McCarthy* rationale remains viable for substantiating the requirement of a sufficient factual basis for a plea, *see Maher,* 108 F.3d at 1524.

**4.** *Andrades,* which was decided in 1999, cites to Fed.R.Crim.P. 11(c)(1) and 11(f) in its discussion of Rule 11's requirement that there exists a factual basis for the plea. *See* 169 F.3d at 134. The factual-basis requirement of Fed.R.Crim.P. 11(f) (1999) now appears in 11(b)(3).

indictment by stating that Adams will plead guilty to Count One. However, we do not believe that the government's indictment may be bootstrapped in this fashion to provide a factual basis to support a guilty plea when defendant never admitted to the elements necessary for conviction but merely agreed to plead guilty to them. As the Supreme Court has explained, it is not sufficient that defendant understands the nature of the charge to which he is pleading; rather, he must also understand whether his conduct falls within the crime charged. *McCarthy*, 394 U.S. at 467, 89 S.Ct. 1166.

The government argues that the indictment makes clear what conduct is encompassed within the charge to which Adams pleaded, and this information was conveyed to Adams when the indictment was read to him by the court just prior to the plea proceeding. We have held that if " 'the charge is uncomplicated, the indictment detailed and specific, *and the [defendant's] admission unequivocal,*' then the reading of the indictment and the admission of the facts described in it satisfies Rule 11." *Smith*, 160 F.3d at 121 (quoting *Godwin v. United States*, 687 F.2d 585, 590 (2d Cir.1982) (emphasis added)). However, such reliance requires that defendant admit to the facts in the indictment. *See id.* In situations, like the instant one, where defendant has refused to admit to an element of the offense charged in the indictment, we have found that the plea lacked a sufficient factual basis. *See, e.g.,*

*Montgomery v. United States*, 853 F.2d 83, 85–86 (2d Cir.1988).

For instance, we have held that there was an insufficient factual basis for a plea when a defendant essentially denied the intent element of the offense during his account of the events giving rise to the conviction. *Godwin*, 687 F.2d at 590–91. In *Godwin*, we noted that in this situation, "[e]ven if a detailed and factually specific indictment had been read, it would still have been necessary for the record of the plea proceeding to contain some indication from some source to support an inference that [defendant's] intentions had not been innocent." *Id.* at 590. We elaborated that the factual-basis requirement "means at least that when an essential element is factually disputed, some circumstances must appear on the record to warrant a conclusion that the defendant's innocent version is unworthy of belief." *Id.*

Like in *Godwin*, Adams's version of the events tends to negate both the intent and quantity elements required for enhancement under Section 841(b)(1)(A). Thus, as was the case in *Godwin*, we may not rely on the reading of the indictment to substantiate the plea.[5] Adams's situation is similar to that of the defendants in *Montgomery* and *Godwin*. Adams's plea allocution directly undermined elements of the crime for which he pleaded guilty. Additionally, the plea agreement into which Adams entered stated simply that Adams agreed to plead guilty to the aggravated charges. Although Adams may have

---

**5.** In finding *Godwin* applicable to the instant case, we note that this case differs from *Smith*, a case in which we distinguished both *Godwin* and *Montgomery*. 160 F.3d at 122. In *Smith*, we found these cases inapplicable because unlike the defendants in *Godwin* and *Montgomery*, whose admissions were insufficient, Smith's version of the events did not controvert any element of the offense, which could have negated the validity of his plea.

*Id.* at 122–23. Instead, Smith confessed to each element of the offense while alluding to an affirmative defense. *Id.* We found this distinguishable from a scenario, like that in *Godwin* and *Montgomery*, in which a defendant's version negates an *element* of the offense charged. *Id.* In the latter instance, the factual basis for the plea is undermined, but in the former, it is not.

agreed to plead guilty to these charges, our case law makes clear that the district court was not at liberty to accept such an agreement in the absence of a factual basis supporting it,[6] which the indictment and plea agreement did not provide.

The district court did not cite to any other factual bases for the plea. However, in determining whether it was harmless error for the district court to find a sufficient factual basis for the plea, we must review all of the evidence that existed on the record at the time of the plea and on which the district court could have permissibly relied. *See Harrington,* 354 F.3d at 183–84 (explaining that Fed.R.Crim.P. 11(h) has a harmless-error standard, so that variance from the requirements of the Rule is harmless error if it does not affect substantial rights); *see also Godwin,* 687 F.2d at 590 (suggesting hypothetical bases that could provide a factual basis for the plea beyond the indictment and plea allocution). We thus proceed to review all evidence on the record during the plea proceeding in search of evidence supporting Adams's awareness of drug quantity and type or reasonable foreseeability of drug quantity and type.

Upon this review, we find insufficient basis to conclude that it was at least reasonably foreseeable to Adams that he was engaging in a conspiracy to distribute five kilograms of cocaine. No witness directly connected Adams to the crime, and the record as developed during the plea proceeding lacks any additional support for a finding of reasonable foreseeability. We reiterate that the factual basis for the plea must be developed on the record at the time the plea is taken, *see Godwin,* 687

F.2d at 590, therefore, statements put on the record after this point, including at the plea-withdrawal proceeding are irrelevant to our inquiry. Thus, as even the government concedes, Adams's statements to Willis, which were captured on tape after the plea was taken cannot support acceptance of the plea. For this same reason, we do not consider statements of Special Agent Cher Ianniccone, which were placed on the record during the plea-withdrawal proceeding and after the district court had accepted Adams's plea. We similarly shall not consider the proffer notes transcribed seven days after the plea proceeding.

■ A lack of a factual basis for a plea is a substantial defect calling into question the validity of the plea. *See Godwin,* 687 F.2d at 591. "Such defects are not technical, but are so fundamental as to cast serious doubt on the voluntariness of the plea," *Id.* (internal citations omitted), and require reversal and remand so that the defendant may plead anew or stand trial. *Id.* We therefore vacate Adams's conviction and sentence so that he may do just that.

## II. Speedy Trial

■ Adams also argues that the district court erred by not dismissing the indictment altogether because he has suffered a violation of his right to a speedy trial, which is outlined in 18 U.S.C. § 3161(c)(1). He asks on appeal that we direct the district court to dismiss the indictment. We decline to accept this invitation.

---

**6.** We note that this case does not involve a situation where a defendant intelligently, and with the aid of competent counsel, "concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt," so the court accepts defendant's decision to plead guilty while maintaining actual innocence. *Alford,* 400 U.S. 25, 37–38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In such situations, the Supreme Court has recognized that a defendant may make a so-called Alford plea. *Id.*

Section 3161(c)(1) dictates that in any case in which a plea of not guilty is entered, the trial of a defendant charged with committing the offense shall commence within seventy days from the filing of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which the charge occurs, whichever happens last. Certain time periods are excluded from this so-called speedy-trial clock by 18 U.S.C. § 3161(h). Notably, Section 3161(h) excludes, inter alia, delay resulting from consideration by the court of a proposed plea agreement, 18 U.S.C. § 3161(h)(1)(I); "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning defendant is actually under advisement by the court," § 3161(h)(1)(J); any delay resulting from absence of the defendant or an essential witness, § 3161(h)(3)(A); and finally, any period of delay resulting from a continuance granted by any judge on her own motion or at the request of either party if she finds that the ends of justice are served by granting the continuance, § 3161(h)(8)(A). This final basis for excluding time from the speedy-trial clock requires that the judge sets forth, either orally or in writing, in the record her reasons for finding that the ends of justice are so served. *Id.* "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). Defendant bears the burden of proof supporting such a motion. *Id.*

Assuming, arguendo, that Adams did not waive his right to raise the speedy-trial issue, we examine his claim on the merits and find that he suffered no speedy-trial violation because he failed to show that the seventy days required by the Speedy Trial Act lapsed. The district court correctly found that those time periods necessary to create a speedy-trial violation fell into one of the enumerated exclusions. The court properly excluded these periods. We therefore affirm the district court's denial of Adams's motion to dismiss the indictment for violation of the Speedy Trial Act.

## CONCLUSION

We have considered all of Adams's other arguments and find them to be without merit. We therefore vacate the conviction and sentence and remand for further proceedings consistent with this decision. We affirm, however, the district court's decision regarding the absence of any Speedy Trial Act violations.