NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0036n.06

No. 12-6538

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jan 13, 2015*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| TOMAS ESTRADA SARABIA, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, MOORE, and SUTTON, Circuit Judges.

PER CURIAM. Tomas Estrada Sarabia, a federal prisoner, appeals his conviction of conspiracy to distribute cocaine and two counts of possession of firearms in furtherance of drug trafficking, based on his guilty plea.

Sarabia agreed to plead to the three counts listed above in exchange for dismissal of 32 other counts. In the plea agreement, he stipulated to the facts supporting his conviction, including that during a drug transaction on June 9, 2010, he showed an informant five firearms that he possessed to protect the drugs and proceeds, and that on August 13, 2010, he displayed two firearms to an informant during a drug deal, that the informant also made a video of this incident, and that he possessed these firearms to protect the drugs and proceeds. At Sarabia's plea proceeding, the prosecutor summarized the facts supporting the guilty plea and the court asked Sarabia, through an interpreter, whether he agreed with these facts. Sarabia responded that he didn't agree with the part about the weapons "all the way," "not exactly," but that it didn't

matter and that he would take responsibility. The prosecutor pointed out that Sarabia had stipulated to the facts in the plea agreement, and defense counsel agreed that was the case. Sarabia then stated that he wished to plead guilty, that he understood the charges to which he was pleading, and that he was in fact guilty. The district court accepted the plea.

Sarabia's presentence report calculated a guidelines sentencing range of 595 to 653 months of imprisonment. However, the district court sentenced Sarabia to the statutory mandatory minimum of 480 months. On appeal, Sarabia argues that the district court committed plain error in failing to establish a factual basis for his pleas to the firearms counts when he disputed the factual basis as stated by the prosecutor. The government argues that Sarabia's appeal should be dismissed because he waived his right to appeal in the plea agreement.

Other circuits have held that an appellate waiver does not preclude a challenge to the factual basis for a plea. *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008); *United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006). However, the government points out that we have stated in a case not raising a challenge to the factual basis for a plea that only challenges to the validity of the appeal waiver can be raised in an appeal arguing a failure to comply with Federal Rule of Criminal Procedure 11. *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012).

Because we have not definitively addressed this issue and other circuits have held that a challenge to the factual basis for a plea is not waivable, we will assume that this issue can be raised in this appeal and deny the government's request for dismissal, because the underlying claim is meritless.

We review an allegation of a violation of Rule 11 for plain error where the defendant did not object in the district court; plain error review requires a showing that the alleged error affected the defendant's substantial rights. *United States v. Murdock*, 398 F.3d 491, 496 (6th

Cir. 2005). Sarabia has failed to show that his substantial rights were affected. He has not shown that, but for the alleged Rule 11 violation, he would not have entered a guilty plea. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Sarabia himself stated that, although the summarized factual basis concerning the weapons was not "all the way," "exactly" correct, it didn't matter and he would take responsibility. He stated that he was pleading guilty because he was in fact guilty of the charges. Moreover, where a defendant doesn't admit the conduct constituting the factual basis for the plea, the court may consider other evidence in the record. *United States v. Tunning*, 69 F.3d 107, 114 (6th Cir. 1995). In this case, the other evidence of record includes Sarabia's stipulation to the facts in the signed plea agreement and the existence of a witness and a video recording that would confirm the factual basis.

Therefore, assuming that this issue was not covered by the appellate waiver in the plea agreement, no plain error is apparent, as Sarabia indicated that he would plead guilty regardless of whether the undisclosed discrepancies alleged in the factual recitation were corrected, and the record otherwise showed that there was a factual basis for his plea. Accordingly, the district court's judgment is affirmed.