*United States v. Jackson*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-one.

PRESENT:    Guido Calabresi,
            Steven J. Menashi,
                    *Circuit Judges*
            John G. Koeltl,[*]
                    *District Judge.*

_____

UNITED STATES OF AMERICA,

       *Appellee*

  v.                                              No. 19-13

JERMAINE JACKSON,

       *Defendant-Appellant.*

_____

_____

[*] Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

*For Appellee*:                    CHRISTOPHER C. CAFFARONE, (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Mark J. Lesko, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

*For Defendant-Appellant*:          JESSE M. SIEGEL, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that this appeal is **DISMISSED.**

Jermaine Jackson appeals his conviction, pursuant to a 2017 plea agreement, for murder in violation of 18 U.S.C. § 924(j)(1). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal. For the reasons set forth below, we dismiss this appeal.

**I**

Jackson attempted two armed robberies with an accomplice. The first attempt—on December 9, 2016—succeeded, with the pair obtaining over $2,000 in cash. During the second attempt—on December 16, 2016—a store employee, Edwin Lopez, tried to prevent the robbery. Jackson shot Lopez and fled before he

and his accomplice could retrieve any money or other goods from the store. When Lopez attempted to chase the two would-be robbers, Jackson shot Lopez repeatedly, causing his death.

A grand jury returned a seven-count indictment against Jackson. As relevant here, for his role in the December 16 attempted robbery and killing, the indictment charged Jackson with conspiracy to commit Hobbs Act robbery and Hobbs Act robbery, both in violation of 18 U.S.C. § 1951(a) (Counts Four and Five), discharging a firearm in connection with those "crimes of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Six), and the murder of Lopez in the course of committing the firearm offense charged in Count Six in violation of 18 U.S.C. § 924(j)(1) (Count Seven).

On December 6, 2017, Jackson pleaded guilty to the § 924(j)(1) firearm-related murder charge only. The plea agreement included an appeal waiver that bound Jackson as long as the district court imposed a sentence with a term of imprisonment that did not exceed 365 months. Pursuant to the agreement's terms, the district court dismissed the remaining counts in the indictment in response to the government's motion. The district court imposed a sentence of 365 months' imprisonment followed by five years of supervised release. Jackson appealed.

3

**II**

The appeal waiver in Jackson's plea agreement requires us to dismiss this appeal. An appeal waiver is "presumptively enforceable." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011). Jackson, however, "retains the right to contend that there were errors in the proceedings that led to the acceptance of his plea of guilty." *United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006). Such errors may demonstrate that the waiver was not "knowingly, voluntarily, and competently provided by the defendant," and for that reason should not be enforced. *Riggi*, 649 F.3d at 147. Because Jackson did not raise the alleged errors before the district court, we review for plain error. *United States v. Pattee*, 820 F.3d 496, 505 (2d Cir. 2016).

Jackson argues that the magistrate judge who took his plea made two errors. First, he argues, the magistrate judge did not inform him that Hobbs Act robbery has as one of its elements the unlawful taking or obtaining of personal property, *see* 18 U.S.C. § 1951(b)(1), and thereby failed to discharge her obligation to "inform the defendant of, and determine that the defendant understands, ... the nature of each charge to which the defendant is pleading," Fed. R. Crim. P. 11(b)(1)(G). Second, because neither Jackson nor his accomplice took any property during the

December 16 attempted robbery, Jackson argues that the magistrate judge could not have established "a factual basis" for the crime charged—namely, completed Hobbs Act robbery. Fed. R. Crim. P. 11(b)(3). And because conspiracy to commit Hobbs Act robbery no longer constitutes a qualifying crime of violence to support a conviction for a § 924 firearms offense, *United States v. Barrett* (*Barrett II*), 937 F.3d 126, 129-30 (2d Cir. 2019), Jackson contends the magistrate judge erred in accepting his plea.

Jackson's arguments are without merit. Jackson pleaded guilty to a violation of 18 U.S.C. § 924(j)(1), not to Hobbs Act robbery. We have held that a court satisfies Rule 11(b)(1)(G) by "describing the elements of the offense in the court's own words." *United States v. Maher*, 108 F.3d 1513, 1521 (2d Cir. 1997). The transcript of the plea hearing demonstrates that the magistrate judge informed Jackson of each element of his § 924(j)(1) charge and ensured that Jackson understood the court's explanations, thus satisfying her obligation under Rule 11(b)(1)(G). *See* J. App'x 40, 45-47.

But even assuming that Rule 11 requires a magistrate judge to explain every material fact that the government would need to prove to secure a conviction on the count to which a defendant pleads, the government plainly would not have

5

had to prove that Jackson obtained property to convict him for a § 924(j)(1) firearm-related murder. When Jackson pleaded guilty, settled circuit precedent provided that Hobbs Act robbery conspiracy qualified as a "crime of violence" under § 924(c). *See United States v. Barrett* (*Barrett I*), 903 F.3d 166, 175 (2d Cir. 2018). Even though Hobbs Act robbery conspiracy no longer qualifies as a "crime of violence," *Barrett II*, 937 F.3d at 129-30, we have held that attempted Hobbs Act robbery does. *See United States v. McCoy*, No. 17-3515, 2021 WL 1567745, at *20 (2d Cir. Apr. 22, 2021). Therefore, the government would not have needed to prove that Jackson obtained property in order to obtain a conviction under § 924(j)(1). Jackson does not contest that the facts adduced at the plea hearing established that he attempted a robbery. The magistrate judge thus did not err either in accepting the plea or in finding a factual basis for the plea.

Moreover, Jackson cannot make the requisite showing under plain error review "that there is 'a reasonable probability that, but for the error, he would not have entered the plea.'" *Pattee*, 820 F.3d at 505 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). Jackson does not point to any evidence indicating that he would not have entered this plea had he been informed of the obtaining-property element of Hobbs Act robbery. *See United States v. Lloyd*, 901 F.3d 111, 122

(2d Cir. 2018). Knowledge of this element would not have significantly altered Jackson's plea calculus. By pleading guilty, Jackson avoided a recommended life sentence under the Guidelines if a jury convicted him on the § 924(j)(1) charge—a distinct possibility, given the government's plan to display surveillance footage at trial showing Jackson repeatedly shooting Lopez. And the jury would not have needed to find that Jackson obtained property in order to convict him. Instead, the plea agreement provided that the highest end of his Guidelines range would be 365 months (just over 30 years). Jackson therefore has not shown "a reasonable probability that … he would not have entered the plea" if the magistrate judge had informed him of Hobbs Act robbery's obtaining-property element. *Pattee*, 820 F.3d at 505. And, furthermore, the magistrate judge's failure to do so did not "seriously affect[] the fairness, integrity or public reputation of [the] judicial proceedings" leading to Jackson's sentence. *Id.*

*     *     *

For the foregoing reasons, we **DISMISS** this appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7