22-2693-cr
United States v. Jean Baptiste

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                No. 22-2693

LESSAGE JEAN BAPTISTE, a/k/a USHER, a/k/a JEAN BAPTISTE LESSAGE,

*Defendant-Appellant*.*

_____

---

* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR APPELLEE:**   MAURENE COMEY (David Abramowicz, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**   THOMAS H. NOOTER, Freeman, Nooter & Ginsberg, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

## BACKGROUND

Defendant-Appellant Lessage Jean Baptiste timely appeals his criminal judgment. Specifically, he challenges the district court's denial of his motion to withdraw his guilty plea. Jean Baptiste was indicted on seven federal charges, including racketeering conspiracy, assault and attempted murder in aid of racketeering, possession of firearms, and—most relevantly— conspiracy to distribute 280 grams or more of cocaine base. He pleaded guilty to count six for conspiring "to distribute and possess with the intent to distribute . . . 280 grams and more of mixtures and substances containing . . . cocaine base," in violation of 21 U.S.C. § 841. App'x at 39. Months after his plea was entered and accepted, Jean Baptiste filed a motion to withdraw his guilty plea, which the district court denied in July 2021. In November 2022, the district court sentenced Jean Baptiste to 120 months' imprisonment to be followed by five years of supervised release, and a $100 mandatory special assessment. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

**DISCUSSION**

"We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion and any findings of fact in connection with that decision for clear error." *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016) (quoting *United States v. Juncal*, 245 F.3d 166, 170–71 (2d Cir. 2001)).

"Rule 11 of the Federal Rules of Criminal Procedure 'sets forth requirements for a plea allocation and is designed to ensure that a defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *United States v. Freeman*, 17 F.4th 255, 262 (2d Cir. 2021) (some internal quotation marks omitted) (quoting *United States v. Andrades*, 169 F.3d 131, 133 (2d Cir. 1999)). Pertinent here, the district court must determine "that the defendant understands . . . the nature of each charge to which the defendant is pleading" and "that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(1)(G), (b)(3).

"A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d), (d)(2), (d)(2)(B). "[A] district court's failure to correctly provide the defendant with all the information required by Rule 11 may constitute a 'fair and just reason' to request the withdrawal of a guilty plea[.] . . ." *Freeman*, 17 F.4th at 262.

Although Jean Baptiste contends that his guilty plea was defective because he did not admit that the charged conspiracy involved at least 280 grams of cocaine base and was not informed of the legal necessity of proving drug quantity beyond a reasonable doubt, he fails to establish any error. During the plea allocution, the district court asked Jean Baptiste whether he understood

3

that he was being "charged with from 2008 until February of 2017 conspiring to distribute and possess with intent to distribute 280 grams and more of cocaine base," to which Jean Baptiste responded, "Yes, sir." App'x at 55. The district court further asked Jean Baptiste whether he knew that "the government would have to prove each and every part or element of the charge in the indictment beyond a reasonable doubt at a trial" if he did not plead guilty and Jean Baptiste responded, "Yes, sir." *Id.* Immediately following that exchange, the district court asked the government to "set forth the elements of [the charge] that the jury would have to find were met beyond a reasonable doubt before they could convict Mr. Jean Baptiste of [the charge]," and the government stated, among other things, that it would have to prove "a conspiracy to possess with the intent to distribute mixtures and substances containing a detectable amount of 280 grams or more of mixtures and substances containing a detectable amount of cocaine base." *Id.* The district court also asked the government and Jean Baptiste's counsel whether there was a factual basis to support Jean Baptiste's plea and the parties said yes. *Id.* at 62. Additionally, the government summarized some of its evidence against Jean Baptiste, including evidence of drug seizures and testimony from people who bought drugs from Jean Baptiste. *See id.* at 64–65. There is no doubt, then, that Jean Baptiste "actually underst[ood] the nature of the charge[]," including the drug quantity. *United States v. Maher*, 108 F.3d 1513, 1521 (2d Cir. 1997). Thus, the district court did not violate Rule 11(b)(1)(G).

Jean Baptiste's reliance on *United States v. Gonzalez*, 420 F.3d 111 (2d Cir. 2005), to attack the factual basis of his plea as it related to drug quantity is misplaced. The defendant in *Gonzalez* disputed the drug weight charged before and during his plea allocution, and he was not informed that drug weight was an element of the offense required to be proven beyond a reasonable doubt.

4

420 F.3d at 115–17. There, this Court held that, "because [the defendant's] own allocution failed to provide an adequate factual basis on that element of an aggravated offense, his guilty plea could not be deemed knowing, voluntary, or sufficient to support a judgment of conviction on" the charge. *Id.* at 116.

In contrast, Jean Baptiste was clearly informed of the legal necessity of proving the drug quantity. *See* App'x at 55. Jean Baptiste admitted to reading and signing the plea agreement, which included as part of a stipulation between the parties that the conspirators distributed between 280 and 840 grams of cocaine base. *See id.* at 60–61; Suppl. App'x at 1–7. Notably, Jean Baptiste did not dispute the drug quantity before or during the plea allocution. Although Jean Baptiste did not explicitly state a drug quantity during the plea allocution, *see, e.g.*, App'x at 62–64 (Jean Baptiste stating that he conspired to distribute, and did distribute, cocaine from 2008 to 2017), he was informed of the drug quantity, he was told that the government must prove the drug quantity beyond a reasonable doubt, the government summarized some of the evidence against him, the parties explicitly agreed that there was a factual basis for the plea, and Jean Baptiste told the district court: "I'm pleading guilty [to the charge in the indictment] because I am guilty, sir," *id.* at 65. There were sufficient facts on the record to support the district court's conclusion that there was an adequate factual basis on the element of drug quantity to support Jean Baptiste's plea, in accordance with Rule 11(b)(3). *See United States v. Adams*, 448 F.3d 492, 499 (2d Cir. 2006) ("We need not rely solely on defendant's allocution, however, to support the plea, rather any facts on the record at the time of the plea proceeding may be used.").

In sum, the record establishes that Jean Baptiste knowingly and voluntarily pleaded guilty to the offense charged, which included the requisite drug quantity. *See McCarthy v. United*

5

*States*, 394 U.S. 459, 467 n.20 (1969) ("In all [Rule 11] inquiries, matters of reality, and not mere ritual, should be controlling." (parentheses, internal quotation marks, and citation omitted)). As such, the district court did not err.

*     *     *

We have considered Jean Baptiste's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court