22-2307-cr
*United States v. White*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand twenty-four.

PRESENT:     GUIDO CALABRESI,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*,
             JED S. RAKOFF,
                  *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                                           No. 22-2307-cr

DEEJAY WHITE,

    *Defendant-Appellant*,

ABEL MONTILLA, a/k/a Coche Bomba;
DANIEL RODRIGUEZ, a/k/a Sealed
Defendant 1; GLORIA RODRIGUEZ

---

[*] Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

GONZALEZ, a/k/a Patricia Sanchez, a/k/a
Sealed Defendant 1; ANABEL COLON
REYES, a/k/a Sealed Defendant 1; PEDRO
GUZMAN MARTINEZ, a/k/a Peter; JASON
MARTINEZ, a/k/a Sealed Defendant 1, a/k/a
Jay; JORGE MIRANDA-SANG, a/k/a Chinito;
LUIS GOMEZ ORTIZ, a/k/a Kike; ROBERTO
JUAN NIEVES PEREZ, a/k/a Robert; ERIC
MANUEL FERNANDEZ COLON, a/k/a Erito;
OMAR LOPEZ CASTRO, a/k/a Sealed
Defendant 1, a/k/a Cache,

     *Defendants*.

_____

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | Elizabeth Latif, Law Offices of Elizabeth A. Latif PLLC, West Hartford, CT. |
| FOR APPELLEE: | Juliana N. Murray, Ryan B. Finkel, Nathan Rehn, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION,** the September 23, 2022, judgment of the District Court is **AFFIRMED**, and the matter is **REMANDED** to the District Court for further proceedings.

Defendant-appellant Deejay White appeals from a judgment entered in the District Court for the Southern District of New York convicting him, after a waiver of indictment and guilty plea, of four felony charges. White was sentenced principally to a total of 252 months of imprisonment. We assume the parties' familiarity with the underlying facts,

2

procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

I.      **Background**

The charges in this case stem primarily from White's involvement in a May 2019 robbery of a Bronx stash house in which approximately 121 kilograms of cocaine was stolen from a drug trafficking organization ("DTO"). Four of White's co-conspirators robbed the stash house at gunpoint while White waited in a car parked across the street. As the four robbers fled on foot, one stopped and threw a duffel bag into White's car; the bag contained cocaine stolen in the robbery. Immediately thereafter, White drove to another location in the Bronx to meet his co-conspirators, who had the remainder of the stolen drugs. White later sent text messages to a co-conspirator discussing a plan to distribute the stolen cocaine and regretting that they had not shot the robbery's victims. On November 25, 2019, White was arrested on a criminal complaint charging him with Hobbs Act robbery and conspiracy to commit the same, possession of a firearm during and in relation to a drug trafficking crime, and conspiracy to distribute the cocaine taken during the robbery.

On July 23, 2021, White appeared before the District Court, waived indictment, and consented to the filing of a four-count information charging him with: (1) Conspiracy to Commit Hobbs Act Robbery in violation of 18 U.S.C. §1951; (2) Using, Carrying, and Possessing a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. §924(c)(1)(A)(i), §924(c)(1)(A)(ii), and §2; (3) Felon in Possession of a Firearm in violation of 18 U.S.C. §922(g)(1); and (4) Conspiracy to Possess Contraband

3

in Prison in violation of 18 U.S.C. §371 and §1791(a)(2). On the same date, White pled guilty to the four-count information pursuant to a plea agreement in which he represented, *inter alia*, that he had "decided to plead guilty because he is in fact guilty." White App'x at 41.[1] During the plea colloquy, (1) the government explained the elements of each count of the information to which White was pleading guilty; (2) the government described the evidence that it would introduce if the case proceeded to trial; and (3) White described in his own words what he had done that made him guilty of the offenses charged in the information. Based on this colloquy, the District Court found that White's plea was supported by a sufficient factual basis and formally accepted the pleas to all four counts.

On September 6, 2022, White moved to withdraw his guilty plea to Count Two of the information charging him with aiding and abetting the possession of a firearm during and in relation to a drug trafficking crime. White argued "that he is innocent" of the Section 924(c) charge because although "he 'believed' a firearm would be used" during the robbery, he "did not allocute that he 'knew' a firearm would be used." White App'x at 101-02. White also argued he was innocent "because [he] had yet to conspire to traffic

---

[1] The plea agreement contains an appeal waiver stating, in relevant part, that White "will not file a direct appeal . . . of any sentence within or below the Stipulated Guidelines Range of 219 to 252 months imprisonment." White App'x at 40. The appeal waiver does not bar White's challenge to the factual basis for his plea. *See United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006). The government argues, however, that the appeal waiver bars White's appeal based on Amendment 821 to the United States Sentencing Guidelines. But as discussed below, we need not reach that issue.

narcotics at the time of the robbery, [and therefore] he could not be in possession of a firearm *in furtherance of* a drug trafficking offense." White App'x at 102.

The District Court sentenced White on September 22, 2022. At the outset of the sentencing hearing, the District Court addressed White's motion to withdraw his guilty plea. After reviewing the applicable legal standard and the history of White's case, including White's delay in bringing the motion, the District Court reviewed the transcript of the plea colloquy and found White's arguments of innocence "to be without merit." White App'x at 146; *see also id.* at 148. The District Court also found that withdrawing the plea would prejudice the government. Based on those findings, and a finding that White's plea was entered knowingly, voluntarily, and intelligently, the District Court denied White's motion to withdraw the plea and sentenced White principally to a total of 252 months' imprisonment.

## II.  Factual Basis for Guilty Plea

On appeal, White contends that the District Court abused its discretion in denying his motion to withdraw his guilty plea to Count Two of the information "because the record does not provide a sufficient factual basis to conclude" that he committed the Section 924(c) offense charged in Count Two. Appellant's Br. at 6. We disagree.

"[W]e review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion and any findings of fact in connection with that decision for clear error." *United States v. Overton*, 24 F.4th 870, 874 (2d Cir. 2022) (citation and quotation marks omitted). "Under Fed. R. Crim. P. 11(d)(2)(B), a defendant may withdraw a plea of guilty after it is accepted, but before sentencing, only if the defendant can show a fair and

5

just reason for requesting the withdrawal. The defendant bears the burden of showing that there are valid grounds for withdrawal." *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016) (citation and quotation marks omitted). "A lack of a factual basis for a plea is a substantial defect calling into question the validity of the plea." *United States v. Adams*, 448 F.3d 492, 502 (2d Cir. 2006).

White first contends that his guilty plea to the Section 924(c) charge was not supported by an adequate factual basis because his statements at the plea colloquy failed to establish that he *knew* a firearm would be used in the robbery. Under Rule 11 of the Federal Rules of Criminal Procedure, "a district court must assure itself that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *Rivernider*, 828 F.3d at 104 (citation and quotation marks omitted); *see also* Fed. R. Crim. P. 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."). This "requires the district court to assess whether, based on the 'facts at its disposal' including but not limited to 'the defendant's own admissions,' the offense conduct satisfies the elements of the statute under which the defendant seeks to plead guilty." *United States v. Aybar-Peguero*, 72 F.4th 478, 483 (2d Cir. 2023) (quoting *Irizarry v. United States*, 508 F.2d 960, 967 (2d Cir. 1974)).

Section 924(c) "prohibits using or carrying a firearm during and in relation to any . . . drug trafficking crime." *Rosemond v. United States*, 572 U.S. 65, 67 (2014) (quotation marks omitted). To establish a factual basis for this offense on an aiding and abetting theory of liability, the evidence in the record must establish "that the defendant actively

6

participated in the underlying drug trafficking . . . crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Id.*

The District Court did not err in concluding that there was a factual basis for White's *knowledge* that a gun would be used during the robbery. During the plea colloquy, White stated: "I believed the robbery would involve firearms and I did not have one." White App'x at 66. The District Court further inquired: "[W]as it reasonably foreseeable to you that that firearm would be used and brandished or shown to the victims to intimidate them?" White responded: "Yes, your Honor. I believed that, with the robbery, they would be probably using a gun and not a stick . . . So, um, I didn't use it, but yes, 100 percent yes." White App'x at 67-68. These admissions, along with White's continued participation in the conspiracy – during which he expressed regret that his co-conspirators had not shot their victims – are sufficient to establish that White knew a gun would be used during the robbery, and that he was not merely speculating that a gun would be used by his co-conspirators. Indeed, in *Rosemond*, the Court suggested that a defendant's knowledge that a gun will be used in the crime might be "infer[red]" from his continued participation "*after* a gun was displayed or used by a confederate." 572 U.S. at 78 & n.9 (emphasis added).

Second, White contends that "because the uncharged narcotics conspiracy underlying the Section 924(c) count had not yet begun at the time of the possession and use of the firearm by a co-conspirator," he cannot be guilty of the Section 924(c) charge on a furtherance basis. Appellant's Br. at 10. We again disagree.

"[T]o sustain a conviction under section 924(c), the government must establish the existence of a specific 'nexus' between the charged firearm and the federal drug trafficking crime." *United States v. Alston*, 899 F.3d 135, 146 (2d Cir. 2018) (citation and quotation marks omitted). "That nexus is established where the firearm afforded some advantage (actual or potential, real or contingent) to the drug trafficking." *United States v. Willis*, 14 F.4th 170, 184 (2d Cir. 2021) (citation and quotation marks omitted). As the District Court correctly noted, "the crime of conspiracy is complete when the agreement is made." White App'x at 147; *see United States v. Trapilo*, 130 F.3d 547, 552 n.9 (2d Cir. 1997). And during White's plea allocution, he admitted that: (1) there was an agreement with others to rob the stash house of over 100 kilograms of cocaine – with the intent to distribute that cocaine after stealing it; and (2) the gun was used in connection with the agreement to obtain the drugs so that the drugs could be distributed. These admissions are sufficient to satisfy the "nexus" between the gun and the narcotics conspiracy.[2] *See Smith v. United States*, 508 U.S. 223, 229 (1993) (Section "924(c)(1)'s language sweeps broadly, punishing any 'use' of a firearm, so long as the use is 'during and in relation to' a drug trafficking offense." (alteration adopted)).

Accordingly, because there was an adequate factual basis for White's guilty plea to the Section 924(c) charge, the District Court did not abuse its discretion in denying White's motion to withdraw his guilty plea.

---

[2] There can be no question that stealing over 100 kilograms of cocaine contemplates distribution, rather than personal use.

## III.    Guideline Amendments

White also contends that recent amendments to the United States Sentencing Guidelines ("Guidelines") reduce his Criminal History Category from a category of IV to a category of III, "and the issue should be addressed by this Court and in the district court upon remand." Appellant's Br. at 15. The impact of a post-sentencing amendment to the Guidelines should be decided, in the first instance, by the District Court, rather than by this Court on appeal, and we therefore affirm the sentence. *See United States v. Rivera*, 115 F.4th 141, 153-54 (2d Cir. 2024) ("Any argument seeking to retroactively reduce [the defendant's] sentence on this ground . . . must be raised before the district court in the first instance."); *United States v. Jesurum*, 819 F.3d 667, 672 (2d Cir. 2016) (explaining that a reviewing court "may not, in the first instance, apply post-sentence amendments that embody a substantive change to the Guidelines" (citations and quotation marks omitted)).

However, while this appeal was pending, White filed, and the District Court granted, a motion pursuant to 18 U.S.C. §3582(c)(2) for a reduction of sentence based on these same amendments. The District Court did not have jurisdiction to grant White's re-sentencing motion while this appeal was pending. A filed notice of appeal carries "jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The parties have neither requested vacatur of the District Court's ruling, based on the lack of jurisdiction, nor sought dismissal of this argument on appeal, for mootness. Accordingly, we remand this

9

matter to the District Court so as to restore its jurisdiction and enable it to properly address White's motion for reduction in sentence.

We have considered White's remaining arguments and consider them to be without merit. Thus, for the foregoing reasons, the judgment of the District Court is **AFFIRMED**, and the matter is **REMANDED** to the District Court for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court