United States v. Williams

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         DENNY CHIN,
                 **Circuit Judges**,
         ELIZABETH A. WOLFORD,*
                 **District Judge**.

- - - - - - - - - - - - - - - - - - - - -X

**UNITED STATES OF AMERICA**,
         **Appellee**,

         -v.-                                    13-4844

**PHILLIP F. WILLIAMS**,
         **Defendant-Appellant**.**
- - - - - - - - - - - - - - - - - - - - -X

_____

* Judge Elizabeth A. Wolford, of the United States District Court for the Western District of New York, sitting by designation.

** The Clerk of Court is directed to amend the case caption as above.

1

FOR APPELLANT:        PAUL J. ANGIOLETTI, Staten
                      Island, New York.


FOR APPELLEE:         MICHAEL F. PERRY (with Carl
                      Eurenius, on the brief), for
                      Richard S. Hartunian, United
                      States Attorney for the Northern
                      District of New York, Syracuse,
                      New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Phillip Williams appeals from the judgment of the United States District Court for the Northern District of New York (Scullin, J.), sentencing him chiefly to 96 months' imprisonment on his plea of guilty to one count of narcotics conspiracy and one count of possessing a firearm in furtherance of that narcotics conspiracy. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Williams was charged in a two-count indictment with: (1) conspiring to possess with intent to distribute, and conspiring to distribute, 500 grams or more of cocaine; and (2) possessing firearms in furtherance of that conspiracy, in violation of 18 U.S.C. § 924(c). In June 2013, Williams entered a plea agreement with the government. Under the plea agreement, Williams waived his right to appeal (among other things) his conviction. At the plea hearing, the district court took several steps to ascertain the factual basis for the plea: it incorporated by reference the factual background of the plea agreement; it asked the government to explain certain facts; and it asked Williams questions pertaining to the government's explanation.

The government explained that Williams had traveled multiple times from upstate New York to New York City, paid for cocaine in New York City, and brought the cocaine back upstate, to be distributed by members of the conspiracy. When law enforcement officers searched Williams's trailer residence on December 13, 2011, they discovered cocaine, equipment for drug distribution, and two loaded firearms.

2

Williams initially confirmed the factual accuracy of the government's explanation, but later in the hearing asserted that the firearms had neither belonged to him nor been used in furtherance of the conspiracy.  The district court engaged in a prolonged colloquy to resolve those factual issues.  Williams denied owning the firearms but admitted to knowing about their location--one underneath the mattress where he slept and the other underneath a couch cushion.  He also mentioned a state court proceeding (explained in greater detail on the record by the government and by Williams's counsel) in which he had pled guilty to possession of stolen property--i.e., a firearm--arising from the same facts as this prosecution.  The colloquy ended with the following exchange:

> THE COURT:      . . . Did you possess them?  You knew they were there, you hid them in your mattress and they were there in furtherance of the drug conspiracy for protection or whatever it might be, is that correct?
>
> WILLIAMS:      Yes, your Honor.

(Plea Tr. at 19.)  Thereafter, the court accepted Williams's guilty plea.

The district court later sentenced Williams to 36 months' imprisonment for the narcotics conspiracy and consecutively to 60 months' imprisonment for the firearms violation under § 924(c).  On appeal, Williams challenges only his conviction on the § 924(c) count, contending that the district court lacked the requisite factual basis to accept his guilty plea.

Williams's appeal waiver is not a bar to our deciding his challenge to the factual basis of his plea:

> [D]espite a provision in the plea agreement stating that [a defendant] will not file an appeal or otherwise challenge the conviction or sentence, we may properly review the plea proceedings.  This is because "a defendant retains the right to contend that there were errors in the proceedings that led to the acceptance of his plea of guilty," and he may argue that the district court failed to

satisfy the requirement that there is a factual basis for the plea.

United States v. Adams, 448 F.3d 492, 497-98 (2d Cir. 2006) (internal quotation marks and ellipsis omitted) (quoting United States v. Maher, 108 F.3d 1513, 1528-29 (2d Cir. 1997)).  We therefore may review Williams's plea proceeding.

"We review for an abuse of discretion a district court's decision that a defendant's factual admissions support conviction on the charge to which he has pleaded guilty."  Adams, 448 F.3d at 498.  A plain error standard also applies because Williams did not challenge the factual basis of his plea before the district court.  See United States v. Garcia, 587 F.3d 509, 515 (2d Cir. 2009).

Before accepting a guilty plea, a district court "must determine that there is a factual basis for a plea."  Fed. R. Crim. P. 11(b)(3).  This rule requires the district court "to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty."  Maher, 108 F.3d at 1524.  "In making its factual-basis determination, the court is not required to rely solely on the defendant's own admissions," and indeed the district court may turn to statements "of the defendant, of the attorneys for the government and the defense, [or] of the presentence report when one is available."  Id. (quoting Fed. R. Crim. P. 11, Advisory Committee Note (1974)).

Williams contends that the district court lacked a factual basis for accepting the plea to the § 924(c) charge. Specifically, he urges that the facts do not give rise to "a specific 'nexus' between the charged firearm and the charged drug selling operation," as required by United States v. Snow, 462 F.3d 55, 62 (2d Cir. 2006).  At the plea hearing, Williams confirmed the accuracy of the government's account of the facts, which included the assertion that "defendant admits that he possessed the two firearms described above in furtherance of the drug trafficking conspiracy."  (Plea Tr. 11-12.)  He also answered in the affirmative when the district court asked him (albeit in the form of a broader, compound question) whether he "knew they were there, [] hid them in [his] mattress and they were there in furtherance of the drug conspiracy for protection or whatever it might be." (Plea Tr. 19.)  Moreover, the government stated that the firearms had been discovered loaded with ammunition and

4

concealed in easily reachable locations in the same trailer where Williams undertook activities related to the cocaine conspiracy. The district court did not abuse its discretion, and certainly did not plainly err, in determining that these circumstances provided adequate factual basis for Williams's plea.

    For the foregoing reasons, and finding no merit in Williams's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK