16-2631-cr (L)
United States v. Wolf

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of October, two thousand seventeen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                    16-2631-cr (L)
                                                   16-3576-cr (CON)

LEONARD WOLF, also known as Sealed Defendant 1,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Matthew B. Larsen, Federal Defenders of New York, Appeals
                             Bureau, New York, N.Y.

Appearing for Appellees:     Jonathan Cohen, Assistant United States Attorney (Niketh
                             Velamoor, Michael Ferrara, Assistant United States Attorneys, *on
                             the brief*), *for* Joon H. Kim, Acting United States Attorney for the
                             Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Wood, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Leonard Wolf, also known as Sealed Defendant 1, appeals the judgment of conviction entered against him on July 28, 2016 by the United States District Court for the Southern District of New York (Wood, *J.*), following a guilty plea by Wolf to the charges of: (1) conspiracy to commit wire fraud and bank fraud, and (2) wire fraud. Wolf challenges the district court's denial of an evidentiary hearing following his motion to withdraw his guilty plea. We assume the parties' familiarity with the underlying facts and procedural history.

Federal Rule of Criminal Procedure 11 permits a defendant to withdraw his accepted plea anytime before sentence is imposed if the defendant "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). While "this standard implies that motions to withdraw prior to sentence should be liberally granted, a defendant who seeks to withdraw his plea bears the burden of satisfying the trial judge that there are valid grounds for withdrawal." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992) (citation and internal quotation marks omitted). "To determine whether the defendant has proffered a fair and just reason to justify withdrawal, a district court should consider, inter alia: (1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008) (internal quotation marks omitted). Where a motion to withdraw a plea is premised on involuntariness, the "defendant must raise a significant question about the voluntariness of the original plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997).

"A defendant is not entitled to an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea." *Gonzalez*, 970 F.2d at 1100. "Although the standard to be applied in granting a hearing is less rigorous than the standard for granting the motion to withdraw the plea, the defendant must present some significant questions concerning the voluntariness or general validity of the plea to justify an evidentiary hearing." *Id.* (citation omitted). "No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory." *Id.*

We "review a district court's decision to deny a motion to withdraw a guilty plea for abuse of discretion." *United States v. Adams*, 448 F.3d 492, 498 (2d Cir. 2006). The same standard of review applies to a district court's decision not to hold an evidentiary hearing before denying a motion. *See Doe*, 537 F.3d at 212.

We find no abuse of discretion in the district court's refusal to hold an evidentiary hearing. The district court here solicited affidavits from Wolf's two trial attorneys in order to rule on Wolf's motion to withdraw his guilty plea. Although Wolf's affidavit provided specific allegations, none were particularly credible given Wolf's prior behavior, his statements at his plea allocution, and the trial evidence available to the district court. Trial counsel's affidavits, in contrast, provided detailed descriptions of the events, which account for Wolf's decision to plead guilty after days of what the district court described as "devestating" trial testimony, as well as

the half-year delay between his plea and his motion to withdraw. It was thus within the district court's discretion to determine that there was no need to provide Wolf with an opportunity to cross-examine his trial counsel where Wolf had failed to credibly suggest a valid ground for the withdrawal of his guilty plea.

We have considered the remainder of Wolf's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk