17-1254-cr
United States v. Gobern

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand eighteen.

PRESENT: DENNIS JACOBS,
         DEBRA A. LIVINGSTON,
                    Circuit Judges,
         PAMELA K. CHEN,*
                    District Judge.

- - - - - - - - - - - - - - - - - - - - -X

United States of America,
         Appellee,

         -v.-                                    17-1254-cr

Argenis Adames, also known as Jomy,
Kelly Pichardo, Victor Noble Canales,
Edwin Tapia, Justin Wilburn, Brigido
Rosario Rivera, Johanny Olmedo,
         Defendants,

Alexio Gobern,
         Defendant-Appellant.

---

* Judge Pamela K. Chen of the United States District Court for the Eastern District of New York, sitting by designation.

1

- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          Law Offices of Elizabeth M.
                           Johnson, New York, NY.

**FOR APPELLEE:**           Alex Rossmiller, Assistant
                           United States Attorney, on
                           behalf of Geoffrey S. Berman,
                           United States Attorney for the
                           Southern District of New York
                           (Shane T. Stansbury, Assistant
                           United States Attorney, on the
                           brief), New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Broderick, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court is **AFFIRMED**.

Alexio Gobern appeals the judgment of the United States District Court for the Southern District of New York sentencing him principally to 144 months in prison for conspiring to distribute more than five kilograms of cocaine. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

As a member of a drug-trafficking organization, Alexio Gobern participated in the packaging, mailing, and distribution of narcotics in Puerto Rico and New York. Between February 2015 and January 2016, Gobern and his co-conspirators mailed at least twelve packages of cocaine from U.S. Post Offices in Puerto Rico to various addresses in the New York area, including Gobern's residence. Gobern was convicted of one count of conspiring to distribute or possess with intent to distribute cocaine. See 21 U.S.C. §§ 841(a), 841(b)(1)(A). Because the jury found that he had conspired to distribute five or more kilograms of cocaine, he was subject to a 10-year mandatory minimum sentence. 21 U.S.C. §§ 841(b)(1)(A), 846.

Gobern challenges the sufficiency of the evidence to support the drug quantity finding of five or more kilograms. At trial, the Government presented evidence of Gobern's direct involvement in nine of the twelve identified packages: video surveillance, United States Postal Service ("USPS") records, fingerprint analysis, photographs, text messages and calls, and the testimony of cooperating witnesses. Four of these packages, which law enforcement seized and totaled 3.936 kilograms of cocaine, were directly linked to Gobern. Five packages linked to Gobern were shipped to the United States but never seized or weighed, although phone records, witness testimony, and other circumstantial evidence establish that these too were parcels of cocaine. And an additional three seized packages totaling roughly 3.5 kilograms of cocaine were mailed to and from Puerto Rico by Gobern's co-conspirators, including Carlos Pizarro, Victor Canales, Argenis Adames, and Justin Wilburn.

In a conspiracy punishable under Section 841(b)(1)(A), the Government must prove that "it was either known or reasonably foreseeable to the defendant that the conspiracy involved the drug type and quantity charged." United States v. Santos, 541 F.3d 63, 70-71 (2d Cir. 2008) (citing United States v. Adams, 448 F.3d 492, 499 (2d Cir. 2006)). A defendant challenging the sufficiency of evidence "bears a very heavy burden." United States v. Desena, 287 F.3d 170, 177 (2d Cir. 2002). We must "credit[] every inference that the jury might have drawn in favor of the Government," United States v. Temple, 447 F.3d 130, 136-37 (2d Cir. 2006), and "affirm the conviction if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Kozeny, 667 F.3d 122, 139 (2d Cir. 2011) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis omitted)); see also United States v. McDermott, 245 F.3d 133, 137 (2d Cir. 2001) ("[T]he task of choosing among competing, permissible inferences is for the [jury], not for the reviewing court.").

Gobern argues that a rational trier of fact could not have found that he was involved in the distribution of five kilograms of cocaine. He suggests that the maximum tabulation of cocaine product supported by the evidence is

the sum of the four seized packages tied directly to his acts.  He dismisses as speculative the evidence of the five unseized packages he shipped or received.  Cf. United States v. Pinckney, 85 F.3d 4, 7 (2d Cir. 1996) ("[A] conviction cannot rest on mere speculation or conjecture.").  And he contends that because his participation in the conspiracy was limited to certain shipments and certain packages, the jury could not have considered the additional 3.5 kilograms of cocaine seized from the packages shipped by Canales, Adames, and others.

The jury was not limited to consideration of direct evidence.  There is undisputed direct proof that Gobern conspired to distribute 3.936 kilograms of cocaine, and the Government presented sufficient evidence for a reasonable jury to infer the existence of an additional 1.06 kilograms from the aggregate of the additional unseized packages or the shipments seized from co-conspirators.  See United States v. Ceballos, 340 F.3d 115, 129 (2d Cir. 2003) (the jury's verdict may be "inferred" from circumstantial evidence); see also United States v. Santos, 541 F.3d at 70 (juries may draw inferences as to the factual elements of an offense by circumstantial evidence); United States v. Desimone, 119 F.3d 217, 223 (2d Cir. 1997) ("the absence of an actual ... seizure of narcotics does not render insufficient" the evidence of conspiracy to distribute).

The jury could reasonably have considered that if each of the five unseized packages contained a comparable weight as the average of the seized packages, the total would far exceed five kilograms.  Gobern's alternative theory is that the five unseized packages *could* have weighed so much less than the seized packages (or contained no drugs at all) that they did not add up to 1.04 kilograms.  However, "it is the task of the jury, not the court, to choose among competing inferences," United States v. Martinez, 54 F.3d 1040, 1043 (2d Cir. 1995), and the Government does not carry the burden of "exclud[ing] every reasonable hypothesis other than that of guilt."  Holland v. United States, 348 U.S. 121, 139 (1954); see also United States v. Abelis, 146 F.3d 73, 80 (2d Cir. 1998).

Moreover, the Government presented overwhelming evidence that Gobern had knowledge of the broader

4

conspiracy comprising Adames, Pizarro, Wilburn, and Canales, with whom Gobern regularly trafficked cocaine from Puerto Rico to New York.  For months, Gobern worked closely with these co-conspirators on multiple packages.  That he did not personally assist with every shipment does not impair the sufficiency of the evidence.  See United States v. Miranda-Ortiz, 926 F.2d 172, 176 (2d Cir.), cert. denied, 502 U.S. 928 (1991) ("The defendant's participation in a single transaction can, on an appropriate record, suffice to sustain a charge of knowing participation in an existing conspiracy.").  It was reasonable for the jury to conclude that Gobern knew or could reasonably have foreseen that his close confederates in the drug trafficking enterprise facilitated other shipments without his direct assistance, such as the seized packages linked to Pizarro and Canales.

    For the foregoing reasons, and finding no merit in Gobern's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK