17-3237-cr
United States v. Isaiah L. McLaurin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand nineteen.

Present:     AMALYA L. KEARSE,
             RALPH K. WINTER,
             ROSEMARY S. POOLER,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                         *Appellee*,

                 v.                                                      17-3237-cr

ISAIAH L. McLAURIN,

                         *Defendant-Appellant*.

_____

For Appellant:          Donna R. Newman, New York, N.Y.

For Appellee:           Monica J. Richards, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Geraci, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Defendant-Appellant Isaiah McLaurin appeals from a judgment entered on September 28, 2017, in the United States District Court for the Western District of New York (Geraci, *C.J.*), following McLaurin's guilty plea to a single-count information charging him with witness tampering in violation of 18 U.S.C. § 1512(b). The district court sentenced McLaurin principally to a term of 57 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

McLaurin primarily argues that: (1) the district court's finding that a factual basis for McLaurin's plea existed as to the intent element of witness tampering was plainly erroneous; (2) his plea was legally insufficient because his Facebook posts were not threats; and (3) his plea was legally insufficient because the record demonstrates that he had a defense to the charge, intoxication, that would negate intent and there is no evidence that he entered the plea with an awareness of this defense.

Because McLaurin did not object below to the district court's compliance with Federal Rule of Criminal Procedure 11, we review his appeal under the plain error standard. *See* Fed. R. Crim. P. 52(b); *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). "Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012) (internal quotation marks omitted). In order to establish that a Rule 11 violation affected "substantial rights," the defendant must show "that there is a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (internal quotation marks omitted).

Section 1512(b)(3) states: "Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so . . . with intent to . . . hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense . . . shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 1512(b). This provision "requires a specific intent to interfere with the communication of information." *United States v. Genao*, 343 F.3d 578, 586 (2d Cir. 2003).

Rule 11(b)(3) of the Federal Rules of Criminal Procedure provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." "[I]t is error for the court to find that a factual basis exists when the defendant actively contests a fact constituting an element of the offense in the absence of circumstances warranting the conclusion that the defendant's protestations are unworthy of belief." *United States v. Culbertson*, 670 F.3d 183, 190 (2d Cir. 2012) (internal quotation marks omitted). "[W]e have held that there was an insufficient factual basis for a plea when a defendant essentially denied the intent element of the offense during his account of the events giving rise to the conviction." *United States v. Adams*, 448 F.3d 492, 501 (2d Cir. 2006).

2

During the plea colloquy, McLaurin twice denied that he possessed the requisite intent to commit witness tampering. *See* App'x at 88 ("Not to testify. Just—I never said if you come to court and testify, you know what I mean? Or anything with the case. I was just saying you're snitches and stuff like that."); App'x at 89 ("I never meant to say like if you come to court and testify or if you, like—or if you, like, if you show up to court or if you testify on them that I would do, you know what I mean? I was just saying like you're snitches and stuff."). Nevertheless, McLaurin eventually responded "[y]es, sir," when the district court took "a step back" and asked if McLaurin "threatened" the individual "with the intent to prevent them from continuing with their cooperation." App'x at 89-90. Accordingly, the district court did not err in concluding that a factual basis for McLaurin's plea existed as to the intent element of witness tampering.

Likewise, we reject McLaurin's second argument, that his plea was legally insufficient because his Facebook posts were not threats, but instead "commentary on the fact that Individual 'A', by his conduct, had imperiled his position within his community." Appellant's Br. at 29. During the plea colloquy, McLaurin repeatedly and unequivocally explained that he "threatened" the individual. *See, e.g.*, App'x at 87 (McLaurin explaining "I threatened them" when asked by the district court "[w]hat did you do"). Finally, we reject McLaurin's third argument, that there is no evidence that he entered the plea with an awareness of a possible intoxication defense. Such an inquiry was not required here.

We have considered the remainder of McLaurin's arguments and find them to be without merit. Accordingly, we hereby AFFIRM the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3