18-350 (L)
*United States v. Beniquez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand nineteen.

PRESENT:    DENNIS JACOBS,
            ROBERT D. SACK,
            PETER W. HALL,
                        *Circuit Judges*.

_____

United States of America,

                        *Appellee*,

            v.

| | |
|---|---|
| Juan Beniquez, AKA Johnny, Justin Beniquez, Elijah Cabrera, Willis Caldwell, AKA Fatts, Anthony Crum, Derek Degroat, Anthony Fields, AKA Tone, Denis Flores-Jacobson, Lieunigel Lewis, AKA Gucci Louie, Durann Rollins, AKA Dee, Linda Williams, Oscar Boria, Jr., | 18-350 (L) 18-872 (Con) 18-1380 (Con) |

                        *Defendants,*

Alan King, AKA Killa Grip, Collyer Goodman, AKA West, Damon Wheeler, AKA Ross,

                        *Defendant-Appellants.*

_____

For Appellant Goodman:                     PETER J. TOMAO, Garden City, NY

For Appellant Wheeler:                      Robert Joseph Boyle, Law Office of Robert J. Boyle, New York, NY

For Appellee:                              ALLISON NICHOLS, Assistant United States Attorney (Anden Chow, Won S. Shin, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellants Collyer Goodman and Damon Wheeler appeal from judgments of conviction entered March 26, 2018, and May 4, 2018, respectively, in the United States District Court for the Southern District of New York (Seibel, *J.*). The jury found Goodman and Wheeler guilty of conspiring to distribute and possess with intent to distribute cocaine and cocaine base. By a special verdict form, the jury found that Goodman was responsible for 5 kilograms or more of cocaine and 28 grams or more of cocaine base and that Wheeler was responsible for 500 grams or more of cocaine and less than 28 grams of cocaine base. Goodman was sentenced to a term of 120 months' imprisonment, to be followed by 5 years' supervised release. Wheeler was sentenced to a term of 92 months'

2

imprisonment, to be followed by four years' supervised release.[1] We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Goodman argues that the evidence was insufficient to support his conspiracy conviction and the special verdict determining the quantities of drugs. Wheeler also argues the evidence of drug quantities was insufficient and that his sentence was unreasonable because the District Court erred in approximating those quantities. We reject each argument.

First, the evidence was sufficient to support Goodman's membership in the charged conspiracy. "We review a claim of insufficiency of the evidence *de novo*." *United States v. Dove*, 884 F.3d 138, 150 (2d Cir. 2018) (internal quotation marks omitted). But, "[t]o succeed on [] claims of insufficient evidence [a defendant] must show that no rational trier of fact, viewing the evidence in the light most favorable to the government, could have found him guilty beyond a reasonable doubt of the essential elements of the crimes charged." *United States v. Desena*, 287 F.3d 170, 176 (2d Cir. 2002).

"[T]he reviewing court is required to draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict . . . . We must affirm the conviction if 'any rational trier of fact could have found the essential elements

[1] Defendant-Appellant Alan King pleaded guilty and was sentenced to a term of 108 months' imprisonment, to be followed by four years' supervised release. His attorney has filed an *Anders* motion, and the Government seeks summary affirmance of the judgment entered in his case. We address those motions in a separate order.

of the crime beyond a reasonable doubt.'" *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis omitted)). "Both the existence of a conspiracy and a given defendant's participation in it with the requisite knowledge and criminal intent may be established through circumstantial evidence." *United States v. Stewart*, 485 F.3d 666, 671 (2d Cir. 2007). But while a conviction may be based on circumstantial evidence, the conviction cannot "rest on mere speculation or conjecture." *United States v. Pinckney,* 85 F.3d 4, 7 (2d Cir. 1996).

Goodman argues that even if he supplied narcotics to co-defendants Flores, Wheeler, and Boria individually, there was no evidence of a "wheel conspiracy." In a wheel conspiracy, the government must show that the participants who are analogized to the spokes of the wheel "knew or had reason to know of the existence, but not necessarily the identity, of one or more of the other spoke participants." *United States v. Manarite*, 448 F.2d 583, 589 (2d Cir. 1971); *see also United States v. Maldonado-Rivera*, 922 F.2d 934, 963 (2d Cir. 1990) ("[I]n order to prove a single conspiracy, the government must show that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal." (quoting *United States v. Martino*, 664 F.2d 860, 876 (2d Cir. 1981))).

Generally, a transaction between a buyer and a seller of drugs is not enough to establish a conspiracy to distribute drugs because the drug deal itself is a substantive crime. *United States v. Hawkins*, 547 F.3d 66, 71 (2d Cir. 2008). In order to find a conspiracy, the court must conduct "a highly fact-specific inquiry into whether the circumstances

4

surrounding a buyer-seller relationship establish an agreement to participate in a distribution conspiracy." *Id.* at 74. Relevant factors that distinguish between a buyer-seller relationship and a distribution conspiracy include: "whether there was a prolonged cooperation between the parties, a level of mutual trust, standardized dealings, sales on credit, and the quantity of drugs involved." *United States v. Brock*, 789 F.3d 60, 64 (2d Cir. 2015) (internal quotation and brackets omitted). "[M]ere awareness on the part of the seller that the buyer intends to resell the drugs is not sufficient to show that the seller and the buyer share a conspirational intent to further the buyer's resale." *United States v. Parker*, 554 F.3d 230, 235 (2d Cir. 2009). "[T]he seller cannot be considered to have joined a conspiracy with the buyer to advance the buyer's resale unless the seller has somehow encouraged the venture or has a stake in it—an interest in bringing about its success." *Id*. at 235–36.

Here, the evidence—viewed in the light most favorable to the government—is sufficient to sustain Goodman's conviction for conspiracy.[2] Goodman distributed wholesale quantities of powder cocaine and cocaine base to multiple dealers including Boria, Beniquez, Wheeler, and Flores; he allowed them to purchase the narcotics on consignment; and intercepted communications and surveillance revealed that he had regular meetings in the same locations with dealers. Taken in the light most favorable to

---

[2] Our Court has already held that there was sufficient evidence of this very conspiracy. *United States v. Boria*, 771 F. App'x 132, 133–34 (2d Cir. 2019) (summary order) (describing the conspiracy).

the government, the evidence was sufficient for the jury to find that Goodman distributed drugs to this co-defendants with the shared expectation and purpose that they would resell, thus financing further purchases for further distribution. Accordingly, the evidence was sufficient for the jury to conclude that Goodman conspired to distribute drugs.

Second, there was sufficient evidence of the quantity of drugs the jury attributed to Goodman and Wheeler. "[W]e require proof that [the] drug type and quantity were at least reasonably foreseeable to the co-conspirator." *United States v. Adams*, 448 F.3d 492, 499 (2d Cir. 2006). We defer–as we must–to the jury's determination of competing inferences. *United States v. Morrison,* 153 F.3d 34, 49 (2d Cir. 1998). Based on the testimony of co-conspirator Flores, the intercepted communications with co-conspirators revealing regular communication and drug debts, surveilled meetings with co-conspirators, and the drugs recovered from Boria, the jury could reasonably infer that Goodman was responsible for 5 kilograms or more of cocaine and 28 grams or more of cocaine base. Similarly, based on the testimony of Flores and the intercepted communication, the jury could reasonably infer that Wheeler was responsible for 500 grams or more of cocaine and less than 28 grams of cocaine base.

Third, Wheeler's sentence was reasonable based on the Probation Department's determination of the drug quantity for which Wheeler was responsible. Wheeler acknowledges that he did not object to the Probation Department's determination of drug quantity. "Because defendant did not raise [his] claims of error before the District Court, we review for plain error." *U.S. v. Morris,* 350 F.3d 32, 36 (2d Cir. 2003). "Under plain

6

error review, this Court must determine whether there was: 1) an error; 2) that was plain; 3) that affected defendant's substantial rights; and 4) that seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotations and brackets omitted). "This Court has stated that the plain error doctrine should not be applied stringently in the sentencing context, where the cost of correcting an unpreserved error is not as great as in the trial context." *United States v. Gamez*, 577 F.3d 394, 397 (2d Cir. 2009). Based on the evidence of the quantity drugs Wheeler sold to Flores, the drugs Flores saw him possess, and the money Wheeler owed to Goodman, it was not unreasonable for the court to find that Wheeler was accountable for 1.5 kilograms of cocaine and 28 grams of cocaine base.

The judgment as to Goodman and Wheeler is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7